# WILLIAM MAGUIRE *et al.*

*v.*

# THE TOWN OF XENIA.

1. JUDGMENT IN DEBT—*its requisites.* It is error to render a judgment for damages only, in an action of debt. In that action the judgment must be for the debt, and if damages are awarded for the detention of the debt, it should be so expressed in the judgment.

2. GIVING BOND ON CONTINUANCE—*power of a police magistrate.* Where a party is arrested for an alleged violation of a town ordinance, the police magistrate before whom the proceeding is pending has no power to exact a bond from the defendant for his appearance, on granting him a continuance, and the court were inclined to hold a bond given in such case void.

3. SURETY—*surrender of the principal.* But conceding such a bond to be operative, the sureties thereon could discharge themselves by surrendering the principal according to the exigencies of their undertaking. And when the principal is thus surrendered, and the attention of the magistrate called thereto, it is immaterial whether the magistrate accept the surrender or not.

4. ACTION OF DEBT *for a penalty—presence of defendant not essential.* Where a party was arrested in an action of debt for a penalty for an alleged violation of a town ordinance, and gave a bond for his appearance on being allowed a continuance, it was held to be error to dismiss the suit because he did not appear, inasmuch as the court could have proceeded to final judgment as well in the absence of the defendant as when he was present.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

The opinion states the case.

Messrs. BRYAN & SMITH, for the appellants.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Clay county.

The record shows an action of debt on a bond, by the town of Xenia against William Maguire and his sureties in the

penal sum of $150, reciting that Maguire was arrested on the eighteenth of August, 1869, for a violation of ordinance No. 1 of the town of Xenia ; that on being brought before the police magistrate, he asked for a continuance, which was granted until the twentieth, at one o'clock in the afternoon ; the condition of the bond is, that Maguire should appear at that time and not depart the court without leave, and abide the decision of the court, and pay whatever judgment and costs might be awarded against him.

The breach alleged is, that Maguire departed the court without leave, and did not abide the decision of the court, nor pay the costs of suit.

The plea was *nil debit*, with notice that defendants would prove a surrender of the defendant on the day to which the cause was continued, by his sureties, and an acceptance thereof by the magistrate.

The issue was tried by the court, by consent, and the following is the entry on the record : The court " being fully advised from the evidence that the plaintiffs ought to recover their damages by reason of the premises ; therefore the court doth assess the plaintiffs' damages in debt at the sum of $150."

The novelty of this judgment is striking, and leads to the inquiry, how is it possible to enter a judgment for damages in debt. It is a species of hybrid, rare in judicial proceedings. It is an inflexible rule that, in an action of debt, the judgment must be for the debt, and if damages are awarded for the detention of the debt, it should be so expressed in the judgment. It is error in an action of debt to render a judgment for damages only. *O'Connor* v. *Mullen*, 11 Ill. 57.

But admitting the judgment is technically a judgment in debt, it is erroneous, and ought to be reversed for the following reasons : The magistrate had no right to exact a bond on granting a continuance. The defendant, the principal in the bond, was brought into court and surrendered by his sureties on the day stipulated, and the attention of the magistrate called

thereto, and whether he accepted the surrender or not, is immaterial, the defendant became thereby under the control of the magistrate, and he should have committed him to the custody of the officer in attendance. Sureties have always the right to surrender their principal according to the exigencies of their undertaking. Here was a surrender.

The magistrate, it seems, the defendant not appearing when called, dismissed the cause, and herein erred, for in such an action as this was, debt for a penalty, the court could have proceeded to final judgment as well in the absence of the defendant as in his presence, and issued an execution thereon. We have not been favored with the provisions of the ordinance said to be violated, or with a brief by appellee, but presume there is nothing extraordinary in the ordinance, and, as we understand ordinary proceedings of this character, no authority exists in a police magistrate to demand a bond on granting a continuance.

We are inclined to hold the bond void, but if operative, there was a surrender of the defendant to the court while judicially sitting, and consequently, a compliance with its conditions.

The judgment is reversed.

*Judgment reversed.*