## FREDERICK HENSOLDT

*v.*

## TOWN OF PETERSBURG.

| 63 | 111 |
| 65a | 360 |
| 63 | 111 |
| 92a | 3235 |

1. ORDINANCE—*several fines in one recovery.* In a suit by an incorporated town to recover for the sale of liquors in violation of an ordinance, a recovery may be had for several violations, so that the judgment shall not exceed the amount of the jurisdiction of the police magistrate or justice of the peace before whom the suit was originally brought.

2. In such a suit, where the complaint is not for a single breach, but for a violation of the provisions of a section of the ordinance, the justice of the peace, and the circuit court, on appeal, can lawfully hear and determine any number of offenses for the breach of such section, so that the aggregate amount of the fines will not exceed the amount of the justice's jurisdiction.

3. ADMISSION. Where, on the trial of a prosecution for the sale of liquors in violation of a town ordinance, the defendant admits the sale of the prohibited liquors to a certain number of persons, no other or higher proof can be required, of the violation, and he will be precluded from disputing such facts.

4. ORDINANCE—*proof of.* Where an ordinance was proven in the manner prescribed in the book of ordinances for the authentication of the ordinances of the town, it was *held* to have been properly admitted as evidence.

5. SAME—*conflict.* The first section of an ordinance prohibited the sale of liquors in less quantity than one gallon, under which the defendant was prosecuted. The fifth section of the same ordinance prohibited sales in less quantity than one barrel, and the defendant contended that this conflict rendered the ordinance void for uncertainty. But it was *held* not necessary to decide the question, as, if the defendant sold in less quantity than one gallon, he was guilty under either section.

APPEAL from the Circuit Court of Menard county; the Hon. CHARLES TURNER, Judge, presiding.

This was a suit brought before the police magistrate of the town of Petersburg to recover for the breach of an ordinance of the town. The venue was changed to a justice of the peace, by whom the defendant was fined $10 and costs. The defendant

appealed to the circuit court, where the jury found a verdict of $50 in favor of the plaintiff.

The complaint was that defendant "did, on the 26th day of July, 1871, in the town aforesaid, in said county, violate the first section of an ordinance of said town, entitled 'Ordinance No. 14, Licenses,' by selling or giving away mixed, malt or fermented liquors, for his gain or benefit, in less quantities than one gallon, within the corporate limits of the town Petersburg," etc.

On the trial below, the plaintiff, after proving the incorporation of the town, offered in evidence the ordinances of the town, printed in pamphlet form, purporting to be published by authority of the board of trustees. The title of the book was as follows:

" Revised ordinances of the town of Petersburg, adopted 10th September, 1867. Printed and published by authority of the board of trustees of said town of Petersburg. Printed at the Menard County Axis office, by C. Clay: 1867."

The defendant objected to said book of ordinances for want of sufficiency of authentication, proof and publication thereof. The objection was overruled and exception taken.

The first section of Ordinance No. 14, read in evidence, provided that any person or persons who shall barter, sell, exchange, give away or otherwise dispose of, for his, her or their gain or benefit, any wines, gin, rum, brandy, whisky or other spirituous, fermented, mixed, malt or intoxicating liquors whatever, in less quantity than one gallon, or permit the same to be done in his, her or their house, yard, shed or any other premises under his, her or their control, within the corporate limits of said town, without license, should forfeit and pay the sum of $10 for each offense. There was an exception as to druggists, etc., not involved in this case.

The defendant read in evidence section 5 of the same ordinance, which is substantially the same as section 1, except

that it punishes for the sale, barter, exchange or giving away of the liquors in less quantities than one barrel, by a fine of $10 for each offense.

The defendant next read in evidence section 4 of Ordinance No. 1, which required the town clerk to keep a full and correct copy of all the ordinances, etc., in a book, and to note on the margin of the record the time and manner of the publication of each ordinance, and provided as follows: "Such book, purporting to be the record of the town of Petersburg, shall be received in all courts, without further proof, as evidence of all such matters therein contained; and all such ordinances, when published in book or pamphlet form and purporting by its title to be printed and published by authority of said board of trustees, with a printed or written certificate of the town clerk thereto attached, under the corporate seal of the town, that the same is a true and authentic copy of the original ordinance, and that it is printed and published by authority of the president and trustees of the town of Petersburg, stating therein the time and manner of publication thereof, shall be taken as *prima facie* evidence of the due passage, publication and promulgation of said ordinances, in all cases and places."

The other facts appear in the opinion.

Messrs. PRICKETT & HAMILTON, and Mr. OSCAR A. DE LEUW, for the appellant.

Mr. N. W. BRANSON, and Messrs. ROBERTS & GREEN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally commenced before a police magistrate of the town of Petersburg, under the first section of an ordinance to prohibit the sale of spirituous, malt and fermented liquors, in a less quantity than one gallon. A change

of venue was awarded on the application of the appellant, and the case was tried before a justice of the peace and removed on appeal to the circuit court.

On the trial in the circuit court, the appellant admitted five distinct breaches of the ordinance under which the suit was instituted, and thereupon the jury found him guilty and fixed the fine at $10 for each offense. The court overruled the motion for a new trial, and rendered a judgment on the verdict for $50.

The ordinance provides that the party who shall be found guilty of a violation of its provisions shall be fined $10 for each offense, and it is objected that the present judgment, which includes the amount of five fines, for that number of offenses, is without authority of law. We are not advised upon what ground such an objection could be sustained.

The justice of the peace before whom the cause was tried, and who, under the statute, has authority to hear causes for the violation of the ordinances of the town, has jurisdiction to the extent of $100, and no reason is perceived why he could not render a judgment in this class of cases to the full amount of that jurisdiction.

The complaint filed was not for a single breach of the ordinance, as counsel seem to construe it, but was for a violation of the provisions of the first section of the ordinance in relation to the sale of the prohibited liquors. Under such a complaint, the justice of the peace, and the circuit court, on appeal, could lawfully hear and determine any number of offenses for a breach of that ordinance, so that the aggregate amount will not exceed the amount of the justice's jurisdiction.

The instruction asked by the appellant, which states a different rule from that here announced as to the jurisdiction of the court, was properly refused. It is not necessary to inquire whether the first refused instruction states a correct principle of law. The record recites that the appellant admitted the sale of the prohibited liquors to five different persons, against

the provisions of the ordinance, and no other or higher proof could be required. By his admissions, voluntarily made, he is precluded from disputing those facts, and the instruction was properly refused.

The objection that the ordinance under which the proceeding was instituted, was not properly admitted in evidence, is not well taken. It was proven in the manner prescribed in the ordinances for the authentication of the ordinances of the town, and was properly admitted in evidence.

It is insisted that the first and fifth sections of the ordinance are so much in conflict with each other as to render the ordinance void for that reason. We do not understand how the merits of this case can be affected by the provisions of the fifth section. If the appellant sold liquors in a less quantity than one gallon, it was certainly in a less quantity than one barrel. Whether the appellant could lawfully sell in quantities greater than one gallon, without becoming liable to the penalties imposed by the ordinance, it is not now necessary for us to inquire.

We have examined the instructions to which exceptions were taken, and are unable to discover anything in them that could have misled the jury on questions submitted to their decision, or any error that could materially affect the merits of the case.

For the reasons indicated, the judgment must be affirmed.

*Judgment affirmed.*