# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

---

## SOUTHERN GRAND DIVISION.

### JUNE TERM, 1875.

---

## WILLIAM BYARS

*v.*

## THE CITY OF MT. VERNON.

1. PRACTICE—*when objection must be taken.* If no exception is taken to the complaint before the police magistrate, upon which a defendant is arrested for the breach of an ordinance, no objection to its sufficiency can be taken on appeal to the circuit court.

2. ORDINANCE—*when publication, etc., need not be proved.* If the ordinances of any city or town incorporated under the general law of 1872, are published in book or pamphlet form, purporting to have been so published by authority of the board of trustees or the city council, no other publication need be shown to admit them in evidence, nor need the fact of their passage be proved.

3. SAME—*sufficiency of complaint to admit proof of several violations.* If a complaint for the violation of an ordinance is not limited to a single offense, but charges a violation generally, proof may be admitted of any number of offenses, provided the aggregate of the fines assessed do not exceed the magistrate's jurisdiction.

4. NEW TRIAL—*on the ground a juror had expressed an opinion.* The fact that a juror had previously expressed an opinion in a case where he

is accepted without any examination on his *voir dire*, affords no ground for granting a new trial.

5.  A party will not be permitted to accept a juror without any examination as to his competency, and afterwards set aside the verdict because the juror did not possess the requisite qualifications.

6.  INTOXICATING LIQUORS—*sale to minors.*  In a prosecution under an ordinance for selling intoxicating liquors to minors without any written order from their parents, etc., it is sufficient, to sustain a conviction, to show that the article sold was intoxicating, if taken in sufficient quantity. It matters not whether the vendor knew such fact or not.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was a prosecution by the city of Mt. Vernon against William Byars, for a violation of an ordinance by selling intoxicating liquors to minors, without the written order of their parents or guardians.  The opinion of the court states the essential facts of the case.

Messrs. POLLOCK & KELLER, and Mr. E. V. SATTERFIELD, for the appellant.

Mr. T. T. WILSON, and Mr. J. M. HAMILL, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This prosecution was commenced before a police magistrate of the city of Mt. Vernon, under the second section of an ordinance which makes it unlawful to sell intoxicating liquors to minors, unless upon the written order of their parents, guardians, or family physicians.  On the trial, the jury found the defendant guilty of six different offenses, and assessed a fine of $20 for each offense, making a total of $120. The court overruled the motion entered for a new trial, and rendered judgment on the verdict, to reverse which the defendant prosecutes this appeal.

The objections taken to the regularity of the proceedings are all of the most technical character.  Although the affi-

davit for the arrest of defendant was not in the exact language prescribed in the statute, it is substantially good, and authorized the issuing of the warrant and the subsequent arrest.   Session Laws 1872, sec. 7, p. 235.

No exception seems to have been taken to the affidavit before the police magistrate, and, on the authority of *The Town of Jacksonville* v. *Block*, 36 Ill. 507, it would appear no objection to the sufficiency of the affidavit could be taken in the circuit court.   It was the duty of the court to hear and determine the case in a summary manner, according to its merits.

The ordinance under which the prosecution was commenced had been properly certified and published in pamphlet form. The city of Mt. Vernon was organized under the general law to provide for the incorporation of cities and villages, in force July 1, 1872.   By section 4, article 5, of that act, it is provided, all ordinances of the city, "when printed in book or pamphlet form, and purporting to be published by authority of the board of trustees or the city council, the same need not be otherwise published, and such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances as of the dates mentioned in such book or pamphlet, in all courts and places, without further proof."

Construction can not make this section of the statute plainer than it is.   When any ordinance has been published by authority of the city council, in book or pamphlet form, "the same need not be otherwise published."   The ordinance in question was published by authority of the city council, in pamphlet form, in conformity with the provisions of the statute on that subject, and there was, therefore, no error in admitting it in evidence.

The complaint is not limited to a single offense, but it charges defendant, in unequivocal terms, with "a violation of section 2, ordinance 37, by selling intoxicating liquors to minors, without the written order of their parents, guardians or family physician."   The writ follows the complaint, and

was broad enough in its charges to admit proof of any number of offenses, so the aggregate amount of fines assessed did not exceed the magistrate's jurisdiction. *Hensoldt* v. *Town of Petersburg,* 63 Ill. 111.

The affidavit filed after verdict, that one of the jurors had previously expressed an opinion, affords no ground for a new trial. It is not shown the juror was subjected to any examination touching his competency, before he was sworn to try the cause. Had he stated on his *voir dire* that he had not expressed any opinion unfavorable to defendant, the affidavit would have been more in point. A party will not be permitted to accept a juror without any examination as to his competency, and afterwards set aside the verdict because the juror did not possess the requisite qualifications. This would be to trifle with the forms of the law.

The proof is abundant to sustain the verdict. It is proven defendant sold liquors to minors without any written order, in violation of the provisions of the ordinance. The liquors sold seem to have been ".bitters," manufactured by defendant according to a formula prepared by a physician, but the testimony of all the witnesses is to the effect they are intoxicating, if taken in sufficient quantities. It will avail defendant nothing to say it was not proven he knew the "bitters" were intoxicating. He was the manufacturer, and was bound to know what they contained. It is sufficient, to warrant the conviction, it was proven the liquors sold to minors, by whatever name they might be called, were, in fact. intoxicating. Were this not so, the vendor of intoxicating liquors might avoid the penalties imposed by law by mixing therewith ingredients containing medical properties. This would be a mere artifice the law would not tolerate.

The conviction was warranted by the law and the evidence, and the judgment will be affirmed.

*Judgment affirmed.*