# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SOUTHERN GRAND DIVISION.

### JUNE TERM, 1875.

WILLIAM BYARS

*v.*

THE CITY OF MT. VERNON.

COMPLAINT — *sufficiency of, for violation of ordinance.* In a prosecution under an ordinance for selling intoxicating liquors, a complaint, under oath, that the defendant, as the prosecutor is informed and believes, has committed an offense, by violating the provisions of a certain section of an ordinance, which is given, by selling intoxicating liquors in the city, not having a legal license to keep a grocery, is substantially good.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was a prosecution, by the city of Mt. Vernon, against William Byars, for the selling of intoxicating liquors in said city, without a license to keep a grocery, in violation of an ordinance of the city.

The following is a copy of the complaint upon which the suit was brought:

"Samuel D. Cooper, city marshal, comes, and, on his oath, complains against William Byars, and says that he, the said William Byars, as he is informed and believes, in the city of Mt. Vernon, on the 2d day of March, 1874, did commit an offense, to-wit: violate the provisions of section 1 of ordinance 37, by selling intoxicating liquors, not having a legal license to keep a grocery; wherefore, the complainant prays that a warrant may issue."

A warrant was issued upon said complaint, under which the defendant was arrested. The defendant moved the police magistrate to quash the complaint and warrant; the motion was overruled, and a trial had, resulting in a judgment against the defendant for $200, from which he appealed to the circuit court.

In the circuit court, the defendant again moved to quash the complaint and the writ issued on the same, for the following reasons:

1.  Because the complaint is based upon information and belief.

2.  The complaint does not show but that the defendant had a license to keep a grocery.

3.  The amount claimed is not indorsed upon the summons.

The court overruled the motion, to which the defendant excepted. On the trial of the appeal, the plaintiff gave in evidence ordinance No. 37, section 1 reading as follows:

"1. *Be it ordained by the City Council,* That it shall be unlawful for any person or persons, within the city limits, by agent or otherwise, without first having obtained a license to keep a grocery, to sell, in any quantity, or give away, any intoxicating, malt, vinous, mixed or fermented liquors."

By section 5, the giving away of intoxicating liquors, or other shift or device to evade the provisions of the ordinance, was to be deemed and held to be an unlawful selling, within the provisions of the ordinance.

By section 8, it was provided that any person violating any

provision of the first section of the ordinance, should forfeit and pay to the city not less than $20 nor more than $100, or be imprisoned in the city prison not less than 20 nor more than 30 days.

The jury found the defendant guilty of six violations, and fixed the penalty for each at $20. The defendant moved for a new trial, which the court denied, and rendered judgment in favor of the city for $120 and costs, from which the defendant appealed.

Messrs. POLLOCK & KELLER, and Mr. E. V. SATTERFIELD, for the appellant.

Mr. T. T. WILSON, and Mr. J. M. HAMILL, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This prosecution was commenced before a police magistrate of the city of Mt. Vernon, under the first section of an ordinance which makes it unlawful for any person not having a legal license, within the limits of the city, to sell, in any quantity, or give away, any intoxicating, malt, vinous, mixed or fermented liquors.

The objections taken to the validity of the proceedings are, in substance, the same as those taken in a former case between these same parties, submitted at the present term, and are disposed of by the opinion in that case, to which reference is made for an expression of our views. 77 Ill. 467.

In this case, however, a motion was made before the magistrate to quash the complaint and writ; but we are of opinion, as was said in the former case, the complaint is substantially good, and, as the writ follows the complaint, there was no error in overruling the motion.

We have examined the instructions, and find no tenable objections to any of them, unless it is the second and third

of the series given on behalf of the prosecution, but they have so little connection with the case, it is hardly possible they could have misled the jury to the injury of appellant. Considered together, the instructions given for plaintiff and defendant state the law of the case very fairly, and even favorably for defendant.

On the evidence, there can be no doubt defendant sold intoxicating liquors contrary to the provisions of the ordinance. It is not claimed he had any license to sell, and whether he was a druggist, and sold in good faith for medical purposes, was one of the questions submitted to the jury, under instructions from the court quite favorable to the cause of defendant.

A fair and impartial trial has been accorded defendant, under the forms of the law. On full consideration of the whole record, we think the conviction is justified by the evidence, and the judgment must be affirmed.

*Judgment affirmed.*