# THE PEOPLE, ETC.,

## v.

# JOHN H. NEDROW.

1. JURISDICTION.—A justice of the peace has jurisdiction in an action of debt to recover the penalty of fifty dollars given by " An act to regulate the practice of pharmacy in the State of Illinois."

2. EVIDENCE—RIGHT TO HAVE JURY PASS UPON.—Where any evidence is given to the jury, which tends to prove the plaintiff's case, he has the right to have the jury pass upon it, and decide the case for or against him as the evidence may justify.

3. BURDEN OF PROOF—NEGATIVE AVERMENT.—Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. In a prosecution for a penalty for the defendant not being or having in his employ a registered pharmacist as required by statute the *onus probandi* is on the defendant.

4. EVIDENCE.—The court is of opinion the court erred in not permitting the prosecution to read to the jury defendant's card published in the newspaper.

Error to the Circuit Court of Adams county; the Hon. J. H. Williams, Judge, presiding. Opinion filed January 16, 1885.

Mr. E. S. Smith, for plaintiff in error; that the *onus probandi* was upon defendant, cited Ford v. Simons, 13 La. Ann. 397; Wheat v. State, 6 Mo. 455; Porter v. State, 58 Ala. 66; Sheldon v. Clark, 1 Johns. 511; Gt. W. R. R. Co. v. Bacon, 30 Ill. 352; Schmidt v. State, 14 Mo. 137; Harbaugh v. Monmouth, 74 Ill. 367; Noecker v. People, 91 Ill. 468; Flora v. Lee, 5 Bradwell, 629; Williams v. State, 35 Ark. 430; Smith v. Adrian, 1 Mich. 495; Haskill v. Com., 31 B. Monr. 343; State v. Woodward, 34 Me. 293; State v. Shaw, 35 N. H. 217; Conn v. Rafferty, 133 Mass. 574.

When forfeitures or penalties are imposed and no form of action is given, debt will lie: Vaughan v. Thompson, 15 Ill. 39; Partridge v. Snyder, 78 Ill. 519; I. & St. L. Ry. Co. v. People, 91 Ill. 452.

Mr. Almeron Wheat for defendant in error; as to form of action, cited Criminal Code, Division 2, §§ 5, 6; R. S. Ch. 79, §§ 13, 14; Edwards v. Vandemack, 13 Ill. 633; Ward v. People, 13 Ill. 635; Town of Partridge v. Snyder, 78 Ill. 519.

The case was not within the rule requiring a defendant to disprove the negative involved in the complaint before the plaintiff established such negative by at least *prima facie* evidence: Williams v. East India Co., 3 East Reports, 193; Phillips on Evidence, 5th Am. Ed. 810–815; Cheadle v. State of Ohio, 4 Ohio (N. S.) 478; Mehan v. State, 7 Wis. 565; Brown v. People, 4 Gilm. 439.

Davis, P. J. This was a prosecution in an action of debt, commenced before a justice of the peace, to recover of defendant in error the penalty of fifty dollars, given by the act approved May 30, 1881, entitled "An act to regulate the practice of pharmacy in the State of Illinois."

An appeal was taken to the circuit court, where a trial was had before a jury, which resulted in a verdict of "not guilty."

The court, on overruling a motion made by plaintiff in error for a new trial, rendered a judgment discharging the defendant in error. To reverse the judgment so rendered this writ of error is prosecuted.

The complaint made was, that the defendant in error not being, or having in his employ, a registered pharmacist, within the meaning of the laws of the State of Illinois, did on the first day of September, 1883, and on each day during the two months last past, keep a pharmacy or store for retailing and compounding medicines, contrary to the form of the statute, etc.

Section 1 of the act under which the prosecution was instituted, Session Laws of 1881, page 120, provides: " That it shall not be lawful for any person other than a registered pharmacist to retail, compound or dispense drugs, medicines or poisons, or to open or conduct any pharmacy or store for retailing, compounding or dispensing drugs, medicines or poisons, unless such person shall be, or shall employ and place in charge of said pharmacy or store, a registered pharmacist, within the meaning of this act, except as hereinafter provided."

The act also provides for the appointment, by the governor, of five persons, to constitute a board of pharmacy, whose duty it shall be to examine all applications for registration, to grant certificates of registration to such persons as may be entitled to the same and to cause the prosecution of all persons violating the provision of the act.

The act further provides, section 12, that any person, not being, or having in his employ, a registered pharmacist, within the meaning of this act, who shall, within sixty days after this act takes effect, keep a pharmacy or store for retailing or compounding medicines, or who shall take, use, or exhibit the title of a registered pharmacist, shall be liable to a penalty of fifty dollars.

Section 15 of the act provides, " All suits for the recovery of the several penalties prescribed in this act shall be prosecuted in the name of the ' People of the State of Illinois ' in any court having jurisdiction; and it shall be the duty of

the State's attorney of the county where such offense is committed to prosecute all persons violating the provisions of this act upon proper complaint being made."

As shown above, the act provides that all suits for the recovery of the penalties prescribed in the act, shall be prosecuted in the name of the people of the State of Illinois, in any court having jurisdiction.

In the case of Indianapolis and St. Louis R. R. Co. v. The People, 91 Ill. 452, brought before a justice of the peace, in an action of debt, to recover a penalty, it was held that a justice of the peace had jurisdiction in such cases, where the damages claimed do not exceed $200. This case was therefore properly brought before the justice and an action of debt was the appropriate remedy. It being a civil action, the circuit court also had jurisdiction on appeal from the justice of the peace.

The evidence on the trial below strongly tended to prove that defendant in error, not being, or having in his employ, a registered pharmacist, within the meaning of the laws of this State, did, on the day named, and within the time specified, keep a pharmacy, or store for retailing and compounding medicines.

This evidence the court should have permitted the jury to pass upon and decide whether the defendant was guilty of violating the statute as complained of by the people. But instead of doing so, the court took the case from the jury and instructed them as follows: "The court instructs the jury at the instance of the defendant, that there is not sufficient evidence before the jury to sustain the complaint in this case, and the jury are therefore instructed to find the defendant not guilty," which they accordingly did. This was error. The rule is that where any evidence is given to the jury which tends to prove the plaintiff's case, he has the right to have the jury pass upon it and decide the case for or against him as the evidence may justify. Guerdon v. Corbett et al., 87 Ill. 272; Hubner v. Feige, 90 Ill. 208; Pemberton v. Williams, 87 Ill. 15.

Manifestly the case was tried by the defense and seemingly

so by the court, on the theory that it devolved upon the prosecution to prove that the defendant was not, nor did he have in his employ, in charge of his store, a registered pharmacist. This was a mistake, for it devolved upon the defendant to make proof of his registration, or that he had in his employ a registered pharmacist, if either was relied upon for a defense.

The true rule governing such cases is, " Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any person except those who are duly licensed therefor, as for selling liquor, exercising a trade or profession and the like." 1 Greenleaf on Evidence, Sec. 79, page 92; Great Western R. R. Co. v. Bacon, 30 Ill. 353; Harbaugh v. Town of Monmouth, 74 Ill. 367; Noecker v. The People, 91 Ill. 468; Town of Flora v. Lee et al., 5 Bradwell, 629.

If the defendant was a registered pharmacist, or employed, and placed in charge of his pharmacy or store, a registered pharmacist, it was a matter peculiarly within his knowledge and could have been very easily proved by him by the production of the certificate of registration which the law required him to obtain before he could retail, compound, or dispense drugs, medicines or poisons. Not having produced such a certificate, the averment of the complaint, of the defendant not being, or having in his employ, a registered pharmacist, is taken as true.

We think the court also erred in not permitting the prosecution to read to the jury the card published in the newspaper. It was written for the defendant by the editor of the paper and by him submitted to and approved by the defendant in error and at his request inserted in the paper.

For the several reasons given the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.