65  355
170s 474

65    355
e109 5273

# Indiana Millers' Mutual Fire Insurance Company and Edward Dinsley v. The People of the State of Illinois.

1. FOREIGN INSURANCE COMPANIES—*Power of the State.*—The legis-lature has the plenary power to prohibit foreign insurance companies doing business in this State, except on conditions, or to exclude them entirely.

2. SAME—*Contract Consummated by Mail.*—If an insurance company at Indianapolis, in the State of Indiana, having no license to do business in Illinois, receives an application by mail from a person in Illinois for insurance upon property in Illinois, issues a policy on the same and sends it to Illinois, its officers are chargeable with knowledge that they are participating in an act to be consummated by agents in the State of Illinois forbidden by its laws.

3. EVIDENCE—*Of Corporate Existence.*—Where a plea in the record expressly avers the fact of the corporate existence of the defendant, proof is not necessary.

4. SAME—*Of Negative Matter.*—In actions under the statute against a person for doing business as the agent of a foreign insurance company proof that such person did not have a certificate as an agent is not re-quired.

5. MEASURE OF PROOF—*Suits Against Foreign Insurance Com-panies.*—In actions under the statute prohibiting foreign insurance companies from doing business in the State a mere preponderance of the evidence is not sufficient.   There must be a clear preponderance.

6. PLEADING—*Stating the Ad Damnum.*—In an action of debt upon a statute to recover a penalty, the damages to be claimed in the decla-ration are merely nominal.

7. PRACTICE—*Joint Suit, Joint Judgment.*—When a joint suit is brought against two persons the judgment must be joint, the penalty being for a gross sum in satisfaction of the offense charged and proven.

8. APPELLATE COURT PRACTICE—*Power to Enter Judgments.*—The Appellate Court has power under Section 80, Chapter 110, R. S., entitled "Practice," to render such judgment upon the record before it as the court below ought to have entered.

**Debt**, for a statutory penalty.   Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding.   Heard in this court at the February term, 1896.   Reversed and final judgment entered in this court.   Opinion filed June 18, 1896.

MYRON H. BEACH, attorney for appellants.

The law never favors forfeiture by construction.   All

356    APPELLATE COURTS OF ILLINOIS.

Vol. 65.] Indiana Millers' Mutual Fire Ins. Co. v. The People.

laws providing for a forfeiture of penalty must be strictly construed. To entitle a party to recover a penalty he must show that the defendant is clearly within the provisions of the law. Chicago v. Rumpff, 45 Ill. 90; Bacon v. Wood, 2 Scam. 265; Bullock v. Goemble, 45 Ill. 218; Remecke v. The People, 15 Brad. 341; Hankins v. The People, 106 Ill. 628; U. S. v. Reese, 92 U. S. 214.

It was incumbent on the plaintiffs in the court below to prove every step in the chain of facts upon which their right to recover rested. Bull v. City of Quincy, 9 Ill. App. 127; Joyce v. City of St. Louis, 77 Ill. 156; People v. Village of Crotty, 93 Ill. 180.

The statute does not prohibit a citizen of this State, either by himself or his agent, from applying to a foreign insurance company not licensed to do business in this State, for insurance on his own property situated in this State. Lamb v. Bowser, 7 Biss. 315; Hunter v. Merrill, 32 Barb. 628; People v. Imlay, 20 Barb. 68; New Orleans v. Virginia Fire & Marine Ins. Co., 21 La. Ann. 781; Marine Ins. Co. v. St. L., I. M. & S. Ry. Co., 41 Fed. 643.

John M. Herbert, State's Attorney, and M. T. Moloney, Attorney-General, for appellee.

R. J. Stephens, and Hill & Martin, T. J. Scofield and M. L. Newell, of counsel.

Wherever a license is required by law to authorize the doing of a particular thing, a party, when sued for a violation of the law, though the want of a license must be affirmatively averred in pleading, when it is shown that the act prohibited was done by the party charged, it is incumbent upon him to show his license if he relies upon it in defense, whether the action be civil or criminal. 1 Greenleaf on Ev., Sec. 79; The Great Western Ry. Co. v. Bacon, 30 Ill. 347; Williams v. The People, 121 Ib. 84; Town of Monmouth v. Harbaugh, 74 Ib. 367; Noecker v. The People, 91 Ib. 468; Town of Flora v. Lee, 5 Ill. App. 629; People v. Nedrow, 16 Ill. App. 192.

When a defendant sued in the character of a corporation, a plea to the merits of the action is an admission of that character. The U. S. Express Co. v. Bedbury, 34 Ill. 459; Gay Implt. Co. v. Keys, 30 Ib. 413.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment of $1,000 against each of appellants, as a penalty for two separate violations of the insurance act of 1879, from which this appeal was taken and various errors assigned. Section 1, Chap. 73, S. & C., Vol. 1, p. 1331, makes it unlawful for any foreign insurance company "to take risks or to transact any business whatever authorized by its charter within this State" without a State license. Section 4 of said act provides that "any such incorporated company, association or partnership which shall transact its business in this State in violation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting said business, jointly and severally be subject to a penalty of five hundred dollars."

The declaration avers in separate counts and the evidence shows that in February and April, 1893, Edward Dinsley procured two different applications for the other appellant, a foreign fire insurance company, for fire insurance on two separate risks, in this State, on which it issued policies and collected the premiums. The secretary of the insurance company testified that Dinsley was not the agent of the company, had no authority to represent it, and that no correspondence passed between him and the company. The evidence shows that the parties who gave the applications to Dinsley applied to the National Millers' Insurance Company of Chicago for insurance, and Dinsley went to Murphysboro, where the property was located, claimed to represent the other appellant, and at his suggestion and on his request the parties made the applications, which were forwarded to Indianapolis, Indiana, and the policies were issued. That Dinsley was an agent, or at least assumed to be an agent, and as such did an act or acts forbidden by law, is unquestionable. It is not denied on his part. Of what

358    APPELLATE COURTS OF ILLINOIS.

VOL. 65.] Indiana Millers' Mutual Fire Ins. Co. v. The People.

avail is it to him or the company to now say, after the un-lawful act is completed, that he was not lawfully authorized, or that he assumed to act without authority ? To admit such a defense on his part would make a farce of the law. The penalty of section 4 is prescribed for the company "to-gether with the agent or agents *so unlawfully transacting* said business." He transacted this unlawful business as an agent· of some one, necessarily so, and so far as he is con-cerned it is immaterial who he was agent for, *having so transacted the business.* The law does not declare that he shall be the agent of the company so transgressing the law, but that he shall be " the agent * * * so unlawfully transacting said business." The law is directed against the wrongdoers, as to which act forbidden the law recognizes that there will be a principal and probably an agent of some one. That the State has the plenary power to prohibit for-eign insurance companies doing business except on condi-tions, or to exclude them entirely, is established law in this country. Hooper v. People, 155 U. S. 648; Pierce v. People, 106 Ill. 1ï; People v. People's Ins. Exchange, 126 Ill. 466. Our statute forbids such companies taking risks or transact-ing any business whatever of that kind within this State, without a license.

It is said, however, the contract was made by mail and consummated wholly within another State. The question here, however, is not as to the validity of the contract of insurance or as to the law of which State governs such con-tract, or as to where the contract was made, but the question is as to whether *a risk* was taken or *business* transacted within this State forbidden by law. As stated in Seamens, Receiver, v. Temple Co. (Mich.), 28 Lawyers' A. R., p. 430, " If it be conceded that the contract was made in Wisconsin and that the premiums and loss, if any, are payable there, it is as much in contravention of the policy of this State as though it had been made and was to be performed here. It can not be supposed that the statutes cited were intended merely to prevent the *act* of making *the contract in this State.* The object is to protect the citizens of this State against

irresponsible companies, and to prevent insurance by unauthorized companies upon property in this State." When these policies were issued by the appellant company at Indianapolis, Indiana, the officers knew they were participating in an act, to be consummated by the aid of agents of some one in this State forbidden by law. They can no more shield their company under the claim of non-residence in doing this forbidden act, than if, just standing over the line in Indiana, they had thrown a stone and hit a citizen in Illinois, or, so standing, had tossed it to another citizen just over the line in Illinois, directing him to do the hitting and he had done so.

It is said the proof does not show the appellant insurance company was at the time of these transactions incorporated under the law of the State of Indiana. The plea of appellant in the record expressly avers the fact, and that at the time of the commencement of this suit it had not applied for license to do business in Illinois. Besides, the name under which it issued the policies imports a corporation. U. S. Express Co. v. Bedbury, 34 Ill. 466.

It is also claimed a deposition was permitted to be read on behalf of appellee improperly, for the reason, as stated, this was a criminal proceeding. The deposition was properly admitted as this is a civil proceeding. Webster v. People, 14 Ill. 365; Weels v. Head, 17 Ill. 204; McGuire v. Town of Xenia, 54 Ill. 299. It is also urged that the plaintiff had to prove their case beyond a reasonable doubt. For reasons stated, this is not the law, but in cases of this kind *mere* preponderance is not sufficient. Ruth v. City of Abingdon, 80 Ill. 418; Town of Lewiston v. Proctor, 27 Ill. 414. There must be a *clear* preponderance. The instruction of the court on this question was not correct, but it was harmless error, as there is no substantial dispute as to the facts.

The damages at the conclusion of the declaration, which was in debt for the recovery of specific sums as a penalty, were alleged to be one cent, and this was made the ground for a motion in arrest of judgment, and many cases are cited

360    APPELLATE COURTS OF ILLINOIS.

VOL. 65.] Indiana Millers' Mutual Fire Ins. Co. v. The People.

in support of the position taken; but an examination of them shows the action was assumpsit or debt on penal bond, where the debt was to be discharged on the payment of the damages, the judgment in such case being for the debt *in numero*. McConnel v. Swailes, 2 Scam. 573. But in actions on a statute, to recover a penalty, the damages to be inserted in the declaration are merely nominal. Puterbaugh's Pl., 3d Ed., p. 324, 373; 1 Chitty Pl. 471.

The other ground of this motion, that the declaration was not sufficiently specific, is not good. It is claimed there is no proof Dinsley did not have a certificate. Such proof is not required under the act of 1879. If it did, however, the license being negative matter, fully within his control, he would have to prove the fact. The Great Western Ry. Co. v. Bacon, 30 Ill. 347; People v. Nedrow, 16 Ill. App. 192; Noecker v. People, 91 Ill. 468; Williams v. People, 121 Ill. 84.

The verdict and judgment, as heretofore stated, was against each of the defendants in the sum of $1,000. Section 4, *supra*, authorizes the action to be brought against the company and agent jointly and severally, but when brought jointly the judgment must be against them jointly, the penalty being for a gross sum in full satisfaction of that offense charged and proven. Wharton's Crim. Pl. & Prac., 9th Ed., Sec. 940; McConnel v. Swailes, 2 Scam. 573.

There may, however, be a recovery for each offense where they are separate and distinct. The fine imposed is $500 against the company and agent " which shall transact its business in this State in violation of the provisions of this act." Sec. 4. Policies were issued to two different milling companies, at different times, in which unlawful act both defendants participated, and therefore two distinct violations of this act were committed, which can be recovered in one suit. Hensholdt v. Town of Petersburg, 63 Ill. 111; Byers v. City of Mt. Vernon, 77 Ill. 467.

There was error in rendering judgment against each defendant for the sum of $1,000. But as this court has the power, under Sec. 80 of Practice Act, Chap. 110, to give

final judgment and to render such judgment, with the record before us, as the court below ought to have entered —Pearsons v. Hamilton, 1 Scam. 415; McConnel v. Swailes, 2 Scam. 573; S. L. of A. O. of M. W. v. Zulker, 129 Ill. 298, 308; Mariner v. Saunders, 5 Gilm. 127; Boyle v. Carter, 24 Ill. 51—and as this course will facilitate the further appeal of this case, if desired, it is thought best to do so.

It is therefore considered by the court that the People of the State of Illinois do have and recover of and from the defendants, the Indiana Mutual Fire Insurance Company and Edward Dinsley, their debt in the sum of $1,000, and have execution therefor.

It is further ordered that this judgment be reversed without costs—Sec. 17, Chap. 33—and that final judgment, as above stated, be rendered in this court.