## Ferdinand Heimann v. Frank T. Kinnare, Adm., etc.

1. DAMAGES—*Measure of, in Action for Death from Negligent Act.* —In actions for damages by reason of death from negligence, when proof is made of the age and relationship of the deceased to the next of kin, the jury may estimate the pecuniary damages from such proof, in connection with their own knowledge and experience in relation to matters of common observation.

2. RELEASE—*Of One of Several Defendants in Actions for Death by Negligence.*—In an action for damages by reason of death from negligence, against several defendants, it does not follow that because one of the several defendants makes a payment and procures the cause to be dismissed as to him, the other defendants are released.

3. EVIDENCE—*Of Parties on Former Trials—Admissions in Open Court—Estoppel.*—Evidence of matters testified to by a party litigant on a former trial, is competent on subsequent trials of the same case, as an admission in open court, which such party is estopped to deny.

Heimann v. Kinnare.

Trespass on the Case.—Appeal from the Circuit Court of Cook County. Heard in this court at the March term, 1900. Affirmed. Opinion filed November 22, 1900.

Loesch Brothers & Howell, attorneys for appellant.

J. G. Grossberg and Claudius Peters, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellee, as administrator of Casimir Wojciechowski, deceased, brought suit against appellant, one Miller and others, to recover damages caused by the alleged negligence of defendants set out in the declaration, and recovered a judgment of $1,000 against appellant, the other defendants having been dismissed out of the case, which, on appeal, was reversed by this court and remanded for another trial, because of an erroneous instruction. (73 Ill. App. 185.) A second trial before the court and a jury resulted in a verdict for appellee for $600, on which the court rendered judgment, from which this appeal is taken. We refer to the report of the former appeal for a statement of the facts as they appear in this record, except as below stated.

Counsel for appellant now claims, first, that appellee's intestate did not exercise ordinary care; second, that the court erred in giving an instruction as to damages, and, third, in admitting certain evidence; and for these reasons that the judgment should be reversed.

On the former appeal we said, "Under the facts disclosed, there would be no liability in relation to adults, who were trespassers upon the premises. The exception is in favor of children only, and it is only in relation to children, lacking the discretion of adults, that a liability may be imposed;" and held that whether appellee's intestate under the evidence in the case could be held to be within the class of children, was a question admitting of much doubt, and that a finding by the jury that he was of this class would not be sustained unless the trial leading to such a result was absolutely free from error.

On the question of deceased's care there is no evidence in· this record showing a different case from that on the former appeal, and after a careful consideration of it we can not say that the jury were not justified from the evidence in finding that deceased was in the exercise of ordinary care for one of his age, knowledge and discretion. It was a question for the jury, and we think their verdict should not be disturbed on that point. See cases cited in the former opinion.

The instruction on the question of damages, of which complaint is made, is as follows:

"The jury are instructed that if they find the defendant guilty, they may assess such damages as they believe from the evidence would be a fair and just compensation to the next of kin of the deceased, having reference solely to their pecuniary loss resulting from his death, less the sum of $300."

It is said that there was no proof of any loss suffered by the next of kin, and therefore there was nothing on which to base the instruction, and that there was no proof on which to base that part of the instruction referring to the $300.

It appears from the evidence that deceased was thirteen years of age, that he had never worked, that at the time he was drowned he was going to school, that he had skated on the pond two days before, that he was snowballing just before the accident, and that he left parents, brothers and sisters surviving him at the time of his death, with whom he had lived. This was a sufficient basis for the instruction in question. City of Chicago v. Keefe, 114 Ill. 230; C. & A. R. R. Co. v. Shannon, 43 Ill. 346; Miss. Ry. Co. v. Waugelin, 152 Ill. 139; B. & O. S. W. Ry. Co. v. Then, 159 Ill. 539, and cases cited.

In the last case cited the court quotes with approval the following language from City of Chicago v. Hesing, 83 Ill. 204: "When proof is made of the age and relationship of the deceased to the next of kin, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experience in relation to

matters of common observation;" and sustained a judgment of $2,500 recovered for the death of a girl twelve years of age.

As to the reference to $300, this is a matter of which appellant can not complain, because it is in his favor.

It is stated in appellant's brief that plaintiff's counsel stated to the jury in his argument that $300 was paid by the parties who were dismissed out of the cause, and he therefore claims that this payment amounted to a release of the appellant.   This claim is not tenable, because there is no evidence that there was a release of any of the parties dismissed out of the cause.   It does not follow that because a defendant made a payment and the cause was dismissed as to him, he was therefore released.   The authorities cited in this regard are not applicable.

It is further claimed that the court erred in allowing oral evidence to prove appellant's title to the land on which the accident happened.   The evidence of which complaint is made is as to what appellant testified to on the former trial as to his ownership of the land.   The evidence was competent, it being an admission made in open court, which he is estopped to deny.   Greenleaf's Evidence, Secs. 27 and 96; 1 Phillips on Evi., pp. 421 *et seq.*, 432 and 459; Mason v. Park, 3 Scam. 532; Stribling v. Prettyman, 57 Ill. 371–7; Hensoldt v. Town of Petersburgh, 63 Ill. 111.

The cases relied upon by counsel for appellant do not relate, as in the case at bar, to admissions made in open court.

There being no error in the record, the judgment of the Superior Court is affirmed.