NOBLE & PALMER *vs.* PADDOCK.

In an action against the master of a canal boat for negligence in navigating
her, whereby injury is done to another boat, the helmsman of the defend-
ant is a competent witness for his employer, where it clearly appears that
the 'defendant had the immediate charge and direction of the boat at the
time of the injury.

It would be otherwise, it seems, where the servant or agent has the sole con-
trol and direction of the boat at the time of the injury. In such case, in
an action against the master for the negligence of the servant, the latter
would be an incompetent witness without a release.

THIS was an *action on the case,* tried at the Onondaga
circuit in April, 1836, before the Hon. DANIEL MOSELEY,
one of the circuit judges.

The action against the defendant was for *negligence,* in
navigating a canal boat called the Amboy, of which he was
the owner and master, whereby his boat came in collision
with another boat called the Calcutta, on board of which
the plaintiffs had a large quantity of barley, and broke and
injured her so that the barley became wet and damaged.
The *first* count of the declaration charged the defendant
*personally* with *negligence.* The *second* charged the injury
to have happened through the negligence of the *servants*
and *agents* of the defendant. The third count imputed the
injury to the *joint negligence* of the defendant and his ser-
vants. The injury to the Calcutta happened in the attempt
of the Amboy to pass her. Two attempts to pass were
made, and both with the concurrence of the master of the
Calcutta. The defendant was on board his boat and had
the *immediate direction of her* at the time of the injury.
His *helmsman* was called as a witness on his part, and was
objected to by the plaintiffs as *incompetent* on the ground of
*interest.* The judge overruled the objection, and the witness
was sworn and testified. The jury found a verdict for the
defendant, and the plaintiffs now ask for a new trial, insisting
that the admission of the *helmsman* as a witness was impro-
per, and that the verdict was against evidence.

NEW-YORK,
May, 1838.

Noble
v.
Paddock.

*A. Taber,* for the plaintiffs.

*J. R. Lawrence,* for the defendants.

*By the Court,* NELSON, Ch. J.   The master was in the *immediate charge* and *direction* of his boat, and the principal question in the case is, whether one of the hands, who acted as steersman at the time of the collision, was a competent witness for him without release.

The rule is admitted that the agent or servant is competent to prove the payment, or receipt of money, or the delivery of goods, &c. on behalf of the principal or master, though his evidence may tend to discharge himself.   This rule is founded upon public convenience, for the benefit of trade and the common usage of business.   Bull. N. P. 289. 1 Phillips' Ev. 95.   As it militates against the general principle that rejects a witness who has the least interest in the cause, it is strictly guarded, and it is not extended beyond the reason upon which it is founded.   Therefore, where the action involves a breach of duty *on the part of the agent* or servant, he cannot be called to disprove it, because if the fact should be established, he would be liable over.   And consequently when the action is against the master for *the negligence of his servant,* the latter is not a competent witness without a release.   1 Phillips' Ev. 46, 52, and cases cited.   But when the negligence or breach of trust of the servant is not *a fact involved* in the action, it is obvious the general exception must prevail.   The case then is, the common one where the agent or servant is admitted on account of the public convenience.   This distinction will be found running through all the cases and elementary books.   2 Ld. Raym. 1007.   2 Str. 1083.   4 T. R. 589. 8 Taunt. 454.   2 Saund. Pl. and Ev. 737.   1 Starkie, 111, 112, 136.

Mr. Starkie observes, in the pages just cited, where the action is brought *for the negligence of the servant,* " the exception from necessity does not apply, because culpable acts of negligence and misconduct are not to be considered as arising in the common and ordinary course of dealing : that

where the subject matter of the testimony arises in the course of his ordinary employment, there is not so strong a reason to discredit him as there is where *his misconduct is made the very ground of the proceeding*, and where he would ultimately be made responsible for the whole of the damages recovered." See also 1 Holt, 139. In *Green* v. *The New R. Co.*, 4 T. R. 589, the recovery turned upon the *negligence* of the witness called; and in *Marsh* v. *Foote*, 8 Taunt. 452, upon the *absence* of *negligence* on his part. The principle is this, witnesses are incompetent where they are directly interested in the event of the suit. See Peake's N. P. C. 84; 4 Car. & Payne, 454. Upon this view of the law, it seems to me impossible to say that the witness in this case was incompetent; *his negligence* or *misconduct* was not a point made on the trial; he was acting under the direction and eye of the defendant, (the master,) and for aught that appears faithfully executed his orders.

The *possibility* that the *misconduct of the servant* may be involved in the action, is no where laid down as the test of his competency, but the contrary; for if it was, the agent or servant could rarely be admitted without the release. In nearly every case, such as payment of money, delivery of goods, &c. the defendant might set up the infidelity of the servant, by way of disproving his liability; that the money had not been paid or the goods delivered. Thus, in *Cuthbert* v. *Gortling*, 3 Campb. 515, the workmen of the defendant who had committed the trespass complained of, if any, were admitted, as it was not pretended that they had exceeded their orders, or would be liable over. Lord Ellenborough distinguished that case from an action for the negligence of servants in driving against carriages, or running down ships—for there he said, if the master be liable to the plaintiff, the servants are necessarily liable to the master—evidently alluding to cases where the servants had the *whole direction* of the carriage or ship at the time of the collision. In *DeSymonds* v. *DeLaCoux*, 2 N. R. 374, the captain, a part owner of the ship, was admitted in an action on a policy of insurance, to prove her port of destination, and that she had sailed for it by direction of the owners of the goods; though it was con-

ceded he would not have been competent to prove a devi-
ation by necessity, if that had been the question. The point
of the defence was that the vessel had reached her port.
Therefore, upon the single ground that the negligence of
the witness was not involved in the trial in point of fact, I
think the case cannot be distinguished from that of an agent
or servant called to prove a fact on behalf of his principal
or master which happened in the course of his ordinary em-
ployment; his conduct was under and agreeably to the spe-
cial direction of the master; and there is not a pretence for
saying that he could be made liable over. He was not then
interested in the event, the principle upon which the objection
of incompetency rests.

I cannot say that the verdict is against the weight of the
evidence; on the contrary, the case was peculiarly within
the province of the jury and upon which they might well
doubt about the injury being the consequence of the fault
of the defendant. There is evidence that the boat of the
plaintiffs was too heavily laden; and that she rubbed upon
the bottom of the canal; that she had been previously injured
and unskilfully repaired, and that the collision at most was
not an uncommon one.

New trial denied.