## FINN v. VALLEJO STREET WHARF CO.

In an action, where the defence set up is the negligence of the servant of plaintiff, the servant is not a competent witness for his employer.

He who avers a fact in excuse of his own malfeasance, must prove it.

A wharf company is bound to keep its wharf in a proper condition, and it is liable for losses sustained by reason of its neglect to do so.

APPEAL from the Superior Court of the City of San Francisco.

This was an action against the defendants, a wharf company in the city of San Francisco by the plaintiff, as the owner of a horse and cart, for damages sustained by him, while they were

17

engaged in delivering stone ballast to a ship moored at defendants' wharf. The complaint averred that it was the duty of defendants to keep their wharf in a proper condition, and particularly to provide its edges, fronting upon the water with stringers or backing pieces of sufficient height and strength, so as to prevent carts and other vehicles from backing or running off into the water. That the defendants, unmindful of their duty, had neglected to provide and keep thereupon such backing or stringer-pieces in all places, whereby plaintiff's cart and horse had backed off into the water, and the latter drowned, to his great damage, etc.

The defence was, that the negligence of plaintiff's servant, who had charge of the horse and cart, occasioned the injury.

The evidence showed that plaintiff's cart, just before the accident, had deposited a load of ballast within three feet of the edge of the wharf, and opposite a place where the backing piece had been removed to suit the convenience of vessels in unloading. That the horse, becoming frightened by the shadow of a coal bucket, from a vessel discharging its freight, had commenced backing, until finally one wheel of the cart went through the gap occasioned by the removal of the backing piece, and the other wheel went over the stringer, carrying cart, horse, and harness into the water, and drowning thereby the horse. The principal witness on the part of the plaintiff was his servant, who had charge of the horse and cart at the time of the accident, to whose admissibility as a witness defendant objected.

The Court gave, among others, the following instructions to the jury, under the exceptions of defendants' counsel:

1. That under the issue in this case, the defendants must show want of ordinary care and diligence on the part of plaintiff or his servant, and it is not incumbent upon plaintiff to prove that he used ordinary care and diligence.

2. That as defendants received toll for the use of their wharf, they should keep it in such condition as to prevent men and beasts, using reasonable care, from falling off its sides.

Plaintiff had a verdict, and the defendant moved for a new trial, which being denied, they appealed.

*M. H. Furman*, for Appellant.

The driver of the horse had an interest in the result of the suit that he would gain or lose by the direct legal operation and effect of the judgment in this cause; and, also, that the record of the judgment herein would be legal evidence for or against the witness in some other action.

That the witness was incompetent without a release of the plaintiff to him is clear; because if the accident was caused by his own fault or carelessness, the plaintiff might bring an action against him—he was called to inculpate the defendants and to

exculpate himself. A judgment being had against defendants, its record would be legal evidence in favor of the witness in a suit by plaintiff against him. §§ 392 and 393 of Practice Act; Morish v. Foote, 8 Taunton R., 454, or 4 Eng. C. L. R., 164; Kerrison v. Coatesworth, 1 Car. & P., 645, or 11 ib., 510; 3 Phil. on Ev., p. 105, note 88; 1 Green. on Ev., § 394 and 417; 2 Stephens' N. P., 1734; Noble v. Paddock, 19 Wend., 456.

It was the duty of the plaintiff to show himself entirely faultless in order to recover, and that instruction to the jury might have misled them. 12 Pickering, 176; 2 Halls' N. Y. Superior Ct. R., 151.

*William W. Crane*, for Respondent.

In actions of this kind the distinction is drawn between the competency of the plaintiff's and defendants' servants as witnesses. Where a party is sued in consequence of the negligence of his servant, and the issue is as to such negligence on the part of the servant, then the servant or defendant is incompetent on the part of defendant to disprove his own negligence; but where a party, as in this case, is sued in consequence of his own negligence, then the servant of plaintiff is competent to prove such negligence. 3 Philips' Evidence, Am. Ed., 1839, pp. 1525 and 1530; Bailey v. Shaw, 4 Foster's (N. H.) Rep., p. 297; Johnson v. Harth, 2 Bailey (S. C.) Rep. p. 183; Powell v. Cincinnati Ins. Co., 7 Hammond Rep., 266; Newbold v. Wilkins, 1 Harrington Rep. 43.

BURNETT, J., delivered the opinion of the Court—TERRY, J., concurring.

This was an action brought by plaintiff to recover damages occasioned by the negligence of the defendants in failing to keep a certain wharf in proper condition; in consequence of which alleged negligence, plaintiff states that certain property of his, namely, a horse and harness, were destroyed. On the trial, the plaintiff introduced his servant, who was driving the horse at the time of the accident, as a witness. The defendants objected to the witness as being incompetent, upon the ground of interest in the event of the suit. The objection was overruled, and the defendants excepted.

In was decided by this Court, in the case of May v. Hanson, July Term, 1855, "that it is not incumbent on the plaintiff to prove the exercise by him of ordinary care to avoid the injury, but the proof of want of it upon the part of the plaintiff, lies on the defendant; that he who avers a fact in excuse of his own misfeasance, must prove it." (Beaty v. Gilmore, 16 Penn., 463.) In the present case, the answer sets up the negligence of the plaintiff or his servant, as the cause of the accident; and the act of the servant in the management of the horse, becomes the sub-

ject of inquiry at the trial, and the right of the plaintiff to re-cover, may be defeated by the defendants showing that the neg-ligence of plaintiff's servant was the cause of the injury.

That the witness was interested in the event of the suit, so as to exclude his testimony, would seem to be clear from the pro-visions of the three hundred and ninety-third section of the Prac-tice Act, and the authorities referred to in Greenleaf on Evi-dence, § 396. If the plaintiff recovered a judgment against the defendants, he could not thereafter recover against the witness for the same injury. The defendants having alleged negligence on the part of the plaintiff, and the plaintiff having charged the same on the part of defendants, and the Court having found these issues against the defendants, the judgment would have been conclusive as between the parties, and the plaintiff could never question them in any subsequent suit. And more especially after payment of the judgment by defendants, the witness could not have been sued for the same cause of action. "Thus, in an action for an injury to the plaintiff's cart or coach, or horses, by negligently driving against them, the plaintiff's own driver or coachman is not a competent witness for him, without a release." (Greenleaf's Evidence, § 396.) And there is, in principle, no dif-ference between the case where the master is plaintiff and where he is defendant, as the conduct of the servant is equally called in question in both cases. The negligence of the servant in either case defeats the master. In the case of Bailey *v.* Shaw, 4 Fos-ter's R., 299, referred to by the counsel of plaintiff, the Court held, that "when the claim of the plaintiff or the defense rests upon any misconduct or failure of duty of the agent towards his employer, for which the latter would be answerable over to third persons, and the agent would be responsible to him, the evidence of the servant or agent is inadmissible in favor of his employer to support such claim or defence without a release." And there can be no difference in principle between the case where the master is responsible over to *third parties*, and where he is only liable to the *loss of property*. In the case of Noble and Palmer *v.* Paddock, 19 Wendell, 456, Chief Justice Nelson says, "There-fore, when the action involves a breach of duty *on the part of the agent*, or servant, he cannot be called to disprove it, because, if the fact should be established, he would be liable over."

The question asked the witness was a leading one, and should have been overruled. The instruction of the Court, though er-roneous, may or may not have mislead the jury. As the case must be reversed on the other grounds, it is unnecessary to de-cide as to the injury done by giving the instruction alluded to.

Judgment reversed, and cause remanded.