THE GREAT WESTERN RAILROAD COMPANY, Plaintiff in Error, v. THOMAS BACON; Defendant in Error.

ERROR TO MORGAN.

In an action against a railroad company, under the statute, for·killing stock, the declaration must negative all the exceptions in the statute ; but the burthen of proof is not upon the plaintiff to prove the averment, that there was no contract between the company and the owner of the ground, that the latter should build the fence where the accident occurred.

Where the means of proving a fact are equally within the control of either party, the burthen of proof is upon the party averring the negative. But where the opposite party is in possession of full and plenary proof to disprove the negative averment, and such proof is not in the control of the other party, the law will presume that the fact does not exist, unless the evidence to establish it is adduced.

THIS was an action on the case for killing a mule, brought by the defendant in error against the plaintiff in error, in the Circuit Court of Morgan county.

The declaration contained two counts.

The first count alleged that the mule was upon a certain enclosed parcel of land or field, possessed by and belonging to one Ann Bacon, through which the track of the railroad company passed ; that the plaintiff in error had not fenced their track through this field, and that the proprietor of the said enclosed tract had never agreed with the plaintiff in error to fence said railroad track.

This count was based upon the first section of "An Act to regulate the duties and liabilities of railroad companies," in force February 14, 1855. Laws of 1855, page 173.

The second count alleged that the mule was killed by the gross negligence of the agents of the plaintiff in error in operating the road.

Plea of the general issue.

A jury was waived, and the cause was tried by the court, who gave a judgment for the plaintiff below for one hundred and twenty-five dollars.

The plaintiff below offered, on trial, the following evidence: *Samuel T. Crawley* testified, that in December, 1860, he

was called on to value a mule, by the plaintiff; knew the
mule; it belonged to Thomas Bacon; mule was lying near
the railroad track, not dead; badly crippled; there were
marks on the track, appearing as if the locomotive had struck
and carried the mule some distance; train going west; field
belonged to Ann Bacon. Defendant at the time objected to
the statements of witness to prove title to the field. The
court thereupon asked witness if Ann Bacon had been in pos-
session of the field more than twenty years; witness answered,
"Yes, sir, I suppose so; she was in possession six or seven
years ago, when I moved to the neighborhood;" was in posses-
sion before witness had lived in the neighborhood; it was an
old settled place; mule was in a field, not near any crossing,
about two miles from Jacksonville; in a thickly settled neigh-
borhood; not near the crossing of any highway; nor in the
limits of any city, town or village; road "not fenced through
that field;" road track built by the State; has been in use
since 1847.

On cross-examination, said he knew nothing about any con-
tract with Ann Bacon to fence the road; supposed that she
had been in possession twenty years; that she was in posses-
sion seven years ago, when witness moved to the neighbor-
hood; knows nothing of her title except her possession.

*Isaac Banta*, for plaintiff below, testified that he went to
see the mule with Crawley; mule had been struck by train;
belonged to plaintiff; was worth $125.

Plaintiff below next offered in evidence the answer of L.
Tilton and W. B. Corneau to a bill of discovery filed by the
plaintiff against them and F. W. Bowen, in aid of this suit;
to the introduction of which answer defendant objected as
improper—first, because defendant is not bound by statements
of said witnesses, and secondly, because thereby defendant is
deprived of the right of cross-examination, and because said
answer did not tend to prove the issue. The court overruled
defendant's objection, and admitted the evidence. To the
ruling, defendant at the time excepted.

Tilton stated that he was and had been president of the
road for three years, and Corneau secretary for about eight

years; say they do not know whether defendant's road track runs through land belonging to Ann Bacon or not; that they know nothing about the alleged killing of the mule; that they know nothing about any contract between Ann Bacon and defendant in regard to the fencing of the road; that there is no paper of any kind on file in the office of the secretary in regard to the fencing mentioned; they knew nothing of any agreement of Ann Bacon touching the same; and that they know nothing of the facts in regard to said road prior to the respective dates of their business connection with same.

The foregoing was all the evidence in the case.

Motion for a new trial was made and overruled, and the defendant below brings the case to this court by writ of error, and assigns the following errors:

1. The court admitted improper evidence on the part of the plaintiff below.

2. The court erred in overruling motion for new trial, and in rendering judgment on the verdict.

I. L. MORRISON, for Plaintiff in Error.

There is no evidence in the record whatever as to the management of defendant's train of cars at the time of the killing of the mule; therefore, there was no right to recover under the second count in the declaration. If the judgment is sustained, then it must be because the plaintiff below has made out his case under the first count in his declaration.

In order to enable Bacon to maintain this suit under the first count in his declaration, he must show that the railroad company was not within any of the exceptions mentioned in the first section of the act of February 14, 1855. See Session Laws 1855, p. 173. For authority, see *Chicago, Burlington & Quincy Railroad Co.* v. *Carter*, 20 Ill. 390; *Ohio & Mississippi Railroad Co.* v. *Brown*, 23 Ill. 94.

The last clause of the first section of the law above referred to, is as follows, after enumerating other excepted cases: "Nor shall the said companies be required to erect and maintain said fences through lands where the proprietors of said lands have already erected fences, or agreed with said com-

panies so to do." The record in this case shows that the railroad track over the ground where the mule was found crippled, had been in use since 1847. All there is in the evidence about fencing, is in these words, to wit, "road not fenced through that field." For all that appears, the road track may have been fenced from 1847 to December 1, 1860, by the proprietors of the soil. If so, the defendant was not bound to fence, and no cause of action existed under the statute. "The plaintiff suing under it (thus stated) must show that the defendant is not within the exception." 20 Ill. 391.

There is nothing in the record to show when, where or how the plaintiff's mule got upon the track of the road. The mule may have got upon the road track in some city or village, and have then traveled to the place where found. Can the court presume that the mule was in the field of Ann Bacon, and wandered to the railroad therefrom?

There is no competent proof in the case to show that Ann Bacon was the proprietor of the land over which the road run.

The answer of Tilton and Corneau was not competent testimony. They were not parties to the suit, and were competent witnesses. The court erred in admitting their answer in evidence.

C. Epler, for the Defendant in Error.

The defendant in error relies only on the first count in the declaration, drawn with reference to the statute requiring railroad companies to fence, etc., approved February 14, 1855. It is alleged in this count that defendant's mule was injured in a field possessed by Ann Bacon, through which plaintiff's road runs, and that she had not agreed with plaintiff to fence the road through the same; and the record shows that she died after that time and before the trial below.

In support of the admissibility of the answer of Tilton, the president, and Corneau, the secretary of said company, to prove that the proprietor of said field, Ann Bacon, had not agreed with said company to fence the road, see Story's Equity Ju-

risprudence, sec. 1501; Story's Equity Pleadings, sec. 235 ; *Glascott* v. *Copper Mines Company*, 11 Simons' R. 305.

But it is insisted, that it was not incumbent upon the defendant in error to prove the negative averment, that the proprietor of the field had not agreed to fence the road, and it should have been taken as true, unless disproved by the adverse party, the subject-matter of which being peculiarly within the knowledge of that party. Greenleaf on Evidence, vol. 1, sec. 79.

The case of the *Chicago, Burlington & Quincy R. R. Co.* v. *Carter*, in 20 Ill., cited by plaintiff's counsel, is not applicable to any question here; there the question was one of pleading, here it is one of evidence, only.

In the case cited in 23 Ill., there was no evidence at all to support the negative averments, but in this case the record shows sufficient evidence to support every material allegation. Crawley's evidence, that the road was not fenced through said field, was proof that it was not then fenced by any person—neither by the proprietor, nor by the company, nor by any one else—and it was *prima facie* proof, that it never had been fenced, and, therefore, sufficient proof that it never had been fenced by the proprietor, in the absence of any evidence that it had been so fenced. Greenleaf on Evidence, sec. 78.

Of negative averments of the character shown in this record, plenary proof on the part of the affirmative is not expected, and therefore it is only necessary to produce such evidence as, in the absence of counter testimony, would afford ground for presuming that they are true. Greenleaf on Evidence, vol. 1, sec. 78; and in this case plaintiffs offered. no counter testimony.

It is insisted by plaintiff, that from all that appears in the record, the proprietor of the field may have fenced the road therein at some previous time. Even if that were true, which does not appear, it would be no defense in the case ; because the same statute provides that if the proprietor fences the road but neglects to maintain it, it shall then be the duty of the corporation to build and maintain the fence, (see the same statute, sec. 2); and this record does not show that

said defendant was the heir, assignee, or lessee of the proprietor of said field.

CATON, C. J. This was an action on the case for killing a mule. The plaintiff below relies only on the first count of his declaration to maintain his judgment. This count is on the statute which requires the railroad company to fence its road where it runs through enclosed lands, except where it is fenced by the proprietor, or where the company has a contract with the proprietor of the lands that he shall fence the road. The mule was killed by a train on the defendant's road, at a place where it passes through enclosed grounds, and where it is not fenced, and the only question is, whether it was the duty of the plaintiff to prove that there was no contract between the company and the proprietor of the land that she should fence the road. The statute requires, in general terms, all railroad companies to fence their roads, and then makes several exceptions, one of which is, where it runs through enclosed lands, the proprietor of which has agreed to fence it. We have repeatedly held that it is necessary, in pleading, to negative all those exceptions. Whether it is necessary for the plaintiff to prove these negative averments, must depend upon their nature and character. Where it is as easy for the plaintiff to prove the negative as it is for the defendant to disprove it, then the burthen of proof must rest upon him, as that the place where the animal was killed was not in a town or village, or was not more than five miles from a settlement; but where the means of proving the negative are not within the power of the plaintiff, but all the proof on the subject is within the control of the defendant, who, if the negative is not true, can disprove it at once, there the law presumes the truth of the negative averment, from the fact that the defendant withholds or does not produce the proof, which is in his hands if it exists, that the negative is not true. In other words, the burthen of proof is thrown upon the defendant to prove the affirmative against the negative averment. There are cases between these extremes, where the party averring a negative, is required to give some proof to estab-

lish it.   Indeed it is not easy to lay down a general rule by which it may be readily determined upon which party the burthen of proof lies, when a negative is averred in pleading. Each case must depend upon its peculiar characteristics, and courts must apply practical common sense in determining the question.   When the means of proving the fact are equally within the control of each party, then the burthen of proof is upon the party averring the negative; but when the opposite party must, from the nature of the case, be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party thus in the possession of the proof should be required to adduce it, or, upon his failure to do so, we must presume it does not exist, which of itself establishes the negative.   Such is the case here.   If the railroad company has a contract with the proprietor of this land that she shall fence it, it is no trouble to produce it, and thus exonerate itself from the liability to build the fence.   If the defendant does not produce such a contract, the presumption is that none exists.

We think the judgment of the court below was correct, and it must be affirmed.

*Judgment affirmed.*