GEORGE J. WILLIAMS

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 12, 1887.*

1. PHYSICIANS—*regulating the practice of medicine, as an exercise of the police power—constitutionality of the act of 1877.* It is a valid exercise of the police power of the State to prescribe regulations for the purpose of securing the admission of qualified persons to professions and callings demanding special skill, and the exercise of this power is nowhere more proper and necessary than in regard to the practice of medicine.

2. The act of 1877, entitled "An act to regulate the practice of medicine in the State of Illinois," is not obnoxious to section 22 of article 4 of the constitution, which provides that "the General Assembly shall not pass local or special laws granting to any corporation, association or individual, any special or exclusive privilege, immunity or franchise whatever."

3. The proviso in the thirteenth section of the act, that the provisions of that act shall not apply to those that have practiced medicine within this State for ten years, does not confer upon ten years practitioners any special privilege, immunity or franchise. It does not confer on them anything, but simply leaves them as they were before its passage.

4. The act is not open to the objection that it subjects to regulation a class, to-wit, graduates with diplomas and applicants for certificates of examination, leaving ten years practitioners subject to no regulation. The first section requires that "every person practicing medicine" shall possess the qualifications required by the act, and the proviso is to be regarded as but prescribing a qualification—that ten years, practice in the State shall constitute a qualification.

5. The provisions of the act which give the examining board power to refuse certificates to persons guilty of unprofessional or dishonorable conduct, and to revoke certificates for like cause, is but a regulation pertaining to qualification for admission to practice. It has no application to ten years practitioners, as they are not admitted to practice upon the certificates of the board. They are by the act, licensed to practice.

6. SAME—*burden of proof in prosecution for practicing without license.* In a prosecution under the act of 1877, regulating the practice of medicine, for practicing without having the proper evidences of qualification, the burden of proof is not on the people to show that the defendant has not been licensed to practice, by diploma or certificate of the board of examiners, or by ten years, previous practice in this State. The defendant may show such facts in defence if they exist.

7. STATUTE—*invalidity of one provision, whether affecting others.* The propriety of the provision in the act of 1877, regulating the practice of medicine, in making certificates of qualification, subject to revocation by the board for unprofessional or dishonorable conduct of the holders thereof, is not involved in this case, and no opinion is given thereon. But if this provision is unconstitutional, the court would not hold the entire act void for that reason.

8. PLEADING AND EVIDENCE—*of a negative averment—when taken as true.* Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. This rule applies in civil and criminal prosecution for a penalty for doing an act without a license.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for the plaintiff in error:

The act to regulate the practice of medicine is unconstitutional, being contrary to article 4, section 22, of the State constitution. While professing, by its title, to be general legislation, it arbitrarily singles out from the class known as "practitioners," certain favored individuals, and confers upon them special and exclusive privileges, etc., denied to all other practitioners.

To be constitutional, this act should be what it purports to be—an act to regulate the practice of medicine. The parties to be regulated must be the practitioners of medicine, and *all* of them. To be a general law, "it must operate equally and uniformly upon all brought within the relations and circumstances for which it provides." *People* v. *Wright,* 70 Ill. 398; Cooley's Const. Lim. 490, 491; *People* v. *Cooper,* 83 Ill. 585; *Guild* v. *Chicago,* 82 id. 472; *People* v. *Meech,* 101 id. 204; *Holmes* v. *Smythe,* 100 id. 423; *Devine* v. *Commissioners,* 84 id. 591.

It can not be said, if the proviso is unconstitutional the remainder of the act is valid. *People* v. *Cooper,* 83 Ill. 595; *Warren* v. *Charleston,* 2 Gray, 84; *State* v. *Sinks,* 42 Ohio St. 350; *Jones* v. *Rollins,* 8 Gray, 339.

The act is repugnant to article 2, sections 2 and 5, and also to articles 3 and 6, of the constitution.

Natural rights are antecedent to, and exist independently of, the constitution. (*Munn* v. *People*, 69 Ill. 94.) The absolute rights include the right to acquire and enjoy property. (1 Kent's Com. 587.) In the pursuit of happiness *all* avocations and all positions are alike open to every one. (*Cummings* v. *Missouri*, 4 Wall. 362.) Property includes estates which one may acquire in professions.' Ibid. See, also, *Webb* v. *Baird*, 6 Ind. 17; *Hall* v. *Washington Co.* 2 Green, 473; *Carpenter* v. *Dane*, 9 Wis. 277; *Ex parte Garland*, 4 Wall. 370.

Our client was not bound to submit his common law right to practice, to the jurisdiction of a tribunal armed with such extraordinary powers to determine what is unprofessional or dishonorable conduct. A person can not be deprived of his right to practice, without a trial by jury.

Mr. JOHN M. HAMILTON, for the defendants in error:

The act in question is not unconstitutional. The law is a very proper and wise police regulation, and is within the domain of legislation. *People* v. *Dental Examiners*, 110 Ill. 184; 4 Blackstone's Com. 162; Cooley's Const. Lim. 718; *Commonwealth* v. *Alger*, 7 Cush. 84; *Thorpe* v. *Railroad Co.* 27 Vt. 149; *Bradwell* v. *State*, 16 Wall. 130.

As to the police power of the State, see *Dunne* v. *People*, 94 Ill. 141; *Cole* v. *Hall*, 103 id. 30; *Brown* v. *Chicago*, 110 id. 195; *Harmon* v. *Chicago*, id. 400; *Hawthorne* v. *People*, 109 id. 302; *Chicago* v. *Honey*, 10 Bradw. 538.

The constitutionality and validity of similar statutes have been sustained. *State* v. *Examining Board*, 32 Minn. 325; *West Virginia* v. *Dent*, 25 W. Va. 1; *Ex parte Spinney*, 10 Nev. 325; *West* v. *Cluther*, 37 Ohio St. 347; *Sheldon* v. *Clarke*, 1 Johns. 513; *Zimmerman* v. *Morrison*, 14 id. 369; *Thompson* v. *Staats*, 15 Wend. 395; *Hewitt* v. *Charier*, 16 Pick. 356; *State* v. *Goldman*, 44 Texas, 104; *Spaulding* v *Inhabitants of*

*Alford,* 1 Peck. 33; *Wright* v. *Lanctin,* 16 Pick. 288; *Bibber* v. *Simpson,* 59 Maine, 181; *Antle* v. *State,* 6 Texas, 202; *State* v. *Hale,* 15 Mo. 407.

When the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any person except those who are duly licensed therefor, as, for selling liquor, exercising a trade or profession, and the like. *People* v. *Nedrow,* 16 Bradw. 196; 1 Greenleaf on Evidence, sec. 79, p. 92; *Railroad Co.* v. *Bacon,* 30 Ill. 353; *Harbaugh* v. *Town of Monmouth,* 74 id. 367; *Nœcker* v. *People,* 91 id. 468; *Town of Flora* v. *Lee,* 5 Bradw. 729.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In this case, the plaintiff in error, George J. Williams, was indicted, tried for and convicted of the offence of violating the provisions of the act in force July 1, 1877, (Laws 1877, p. 154; Starr & Curtis, 1602,) being "An act to regulate the practice of medicine in the State of Illinois," by practicing medicine without having any of the qualifications required by that act. A fine of $200 was assessed by the court.

It is insisted that the act under which the conviction was had is unconstitutional. We do not understand the act to be challenged, in this respect, in the regard of its feature of prescribing qualifications for the practice of medicine. It is the common exercise of legislative power to prescribe regulations for securing the admission of qualified persons to professions and callings demanding special skill; and nowhere is this undoubtedly valid exercise of the police power of the State more wise and salutary, and more imperiously called for, than in the case of the practice of medicine. It concerns the preservation of the health and the lives of the people.

But the constitutional objection which is urged against the act is, that it is special legislation, contrary to article 4, section 22, of the State constitution, that "the General Assembly shall not pass local or special laws granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." The special feature which is claimed, is the proviso to the act, which is: "*Provided,* that the provisions of this act shall not apply to those that have been practicing medicine ten years within this State." This proviso does not confer upon the ten years' practitioners any special privilege, immunity or franchise. It does not confer upon them anything—it leaves them as they are. But it is said the act is one to regulate the practice of medicine, and that it subjects to regulation only a class, to-wit, graduates with diplomas, and applicants for a certificate of examination, while the ten years practitioners are not subjected to any regulation at all, by anything in the act. It becomes proper to look and see what the provisions of the act are. The first clause of the act is as follows: "Every person practicing medicine, in any of its departments, shall possess the qualifications required by this act." All the other provisions of the act, as we view them, only respect such qualifications, with the exception of one section, which requires any itinerant vender of any drug or nostrum ointment to pay a license of $100 a month.

It was in the province of the legislature to prescribe what should be the qualifications for the practice of medicine, and what the mode in which they should be determined. The act provides, as to a graduate in medicine with a diploma, that he may practice upon his diploma, it being verified as pointed out by the act. In regard to others, it is provided they shall undergo an examination before the State board or board of examiners, and may practice upon the certificate of the board. As respects the proviso, we regard it in the light of but pre-

scribing a qualification,—that ten years practice within the State should constitute a qualification for practicing medicine.

It is virtually conceded, in the argument of counsel for plaintiff in error, that the General Assembly might make the qualification of ten years, practice prior to the act, equal to the qualification of a diploma or of a certificate of examination, and that the proviso might have been unobjectionable had it been limited to the provisions of the act in respect of qualification; that its vice is in saying that "the provisions of this act,"—that is, that not its provisions in respect of qualifications, but each and every of its provisions,—should not apply to the ten years practitioners. And it is said that there is one section which regulates practitioners in respect to conduct, giving the power to exclude them from practice for unprofessional or dishonorable conduct, and that this is a provision from which the ten years practitioners are, by the proviso, exempted. This section referred to is, that the board may refuse certificates to individuals guilty of unprofessional or dishonorable conduct, or may revoke certificates for like causes.

As respects the objection of this provision unjustly discriminating between classes of practitioners, we regard it as but a regulation pertaining to qualifications for admission to practice. It certainly is such as regards applicants for admission. And as respects those who had been admitted to practice, on the board's certificate, the provision essentially is, that where there has been abuse of the license granted, by having been guilty of unprofessional and dishonorable conduct, the licensing body may revoke the license which they had granted. All is really but in regulation of admission to practice upon the certificate of the board. It has no application to ten years practitioners, as they are not admitted to practice upon the board's certificate, but they are, by the act itself, licensed to practice.

The propriety of the provision, as regards the holders of certificates, in making their certificates subject to revocation by the board for unprofessional or dishonorable conduct, we do not regard as involved in this case, or that we are called upon to express any opinion thereon. Plaintiff in error has no grievance in this respect. He has not had any certificate revoked, has never received a certificate, or been licensed to practice; and if, in this particular, the act could be regarded as unconstitutional, we would not hold the entire act for that reason to be void, or to be so in so far as it bears upon the plaintiff in error. See *State of West Virginia* v. *Dent*, 25 W. Va. 1, *West* v. *Cutter*, 37 Ohio St. 347, and *State of Minnesota ex rel.* v. *State Board of Medical Examiners*, 34 Minn. 387, where the validity of similar enactments was sustained.

It is assigned for error that there is no evidence in the record tending to show that plaintiff in error had not complied with the requirements of this law, and had not practiced medicine ten years previous to 1877, and in refusing to instruct the jury that the burden was on the prosecution to make such proof. The case comes within the general rule upon this subject, which is laid down by Greenleaf on Evidence, (vol. 1, sec. 79,) as follows: "But where the subject matter of a negative averment lies *peculiarly within the knowledge* of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor, as, for selling liquors, exercising a trade or profession, and the like." And see *Great Western Railroad Co.* v. *Bacon,* 30 Ill. 347; *Harbaugh* v. *City of Monmouth,* 74 id. 367.

The judgment will be affirmed.

*Judgment affirmed.*