## May Robinson v. Martha J. Robinson.

1. Death—*Presumption of.*—A presumption of death arises from a continuous absence abroad for seven years, during which time nothing is heard of the absent person by those who would naturally have heard from him if alive. From non-claimer of rights or exposure to peculiar sickness, death at an earlier period may be inferred.

2. Burden of Proof—*Prima Facie Evidence of Existing Right.*— Where there is *prima facie* evidence of any right existing in any person, the *onus probandi* is always upon the person calling such right in question.

3. Evidence—*Facts Within a Person's Knowledge.*—When a fact is peculiarly within the knowledge of a party, the burden is on him to prove such fact, whether the proposition be affirmative or negative.

Memorandum.—Forcible detainer. Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

### Statement of the Case.

Martha J. Robinson, in her own right and as guardian of Curtis E. Robinson, Jr., and Bessie L. Robinson, minors, filed a complaint in forcible detainer against " M. L. Wilson."

Summons having been served, appellant filed, by the name of May Robinson sued as M. L. Wilson, a verified plea, setting forth that before the bringing of this suit, she had

brought her bill in the Superior Court to assign to her a dower in the said premises, and that the said premises might be held and decreed to be her homestead; and that the plaintiffs in this suit are defendants in the said suit in the Superior Court; a demurrer to this plea was sustained, whereupon appellant, by the name of May Robinson, sued as M. L. Wilson, filed a plea of not guilty.

Upon the trial N. S. Robinson, an uncle of the plaintiffs, testified that on May 1, 1892, he was acting for the plaintiffs, and about that time went to the premises and demanded of appellant the rent; that she replied that as soon as he gave her a lease for three or four years she would pay the rent; otherwise not; that he told her if she did not pay the rent he would give her five days' notice, and turned to leave the room; that she called him back and paid $250, the rent for May; that he collected the rent in June, July, August, September and October, and $65 on the November rent. That $185 of the November and $250, the December rent, was not paid; that he formerly collected the rent of these premises for his brother, C. E. Robinson.

The defendant, appellant, introduced a lease for the premises from C. E. Robinson to her, running from September, 1891, to April 30, 1892, with the privilege of extending the lease one or five years, with satisfactory securities for the payment of the rent.

Martha J. Robinson testified that her father, C. E. Robinson, died April 20, 1892, leaving the plaintiffs his only children; that her mother was then dead; that from her mother she had heard that she had a step-brother, who went South when the yellow fever was prevalent, and that it was supposed that he died; that she never heard her father speak of him; that her mother, his step-mother, said his name was Fred; that she, witness, had never seen him; that she went away from home when she was six years old and remained until she was twelve, being now twenty-two; that the last Saturday, before, two men, perfect strangers, came to her house and said they had seen a step-brother of hers in jail in Salt Lake City, and that they would put her in communica-

tion with him if she wished; that she told them " if he wished
to hear of us he should write to us;" that she asked them
how old a man he was, and they said his hair was cut;
they did not tell his age; that she was subpœnaed by the
defendant.

The jury found the defendant guilty and judgment be-
ing rendered for the plaintiffs, appellant prosecutes this
appeal.

LAWRENCE P. BOYLE and C. STUART BEATTIE, attorneys
for appellant.

SCHINTZ & IVES, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

It is urged that under the evidence as to the existence of
an heir of C. E. Robinson, not one of the plaintiffs, this judg-
ment for the possession of the entire premises can not be
sustained.   The testimony that the three plaintiffs are the
three children of C. E. Robinson, is clear.   The evidence that
there is or ever was another child, is vague and most unsatis-
factory.

The witness, Martha Robinson, testified that she had for
ten years prior to her father's death lived here; that she had
never heard her father speak of this supposed child, and her
mother had spoken of him only as a child by a former wife,
who had gone South many years ago and was supposed to
have died.   It does not appear that the mother had ever
seen her supposed step-son, or upon what information she
spoke of such a person.

Thus the evidence derived from the family of the exist-
ence at any time of another child, is not only a mere state-
ment of one whom it is not shown ever knew, or was in-
formed by any one who did know, about such matter, but
the evidence of existence is coupled with the same class of
evidence of his death.   A presumption of death arises from
a continuous absence abroad of seven years, during which

time nothing is heard of the absent person by those who would naturally have heard from him, if alive. From nonclaimer of rights or exposure to peculiar sickness, death at an earlier period may be inferred. Wharton on Evidence, Secs. 1274 and 1277; In re Hutton, 1 Cust. 575; Taylor on Ev., Sec. 158; Rex v. Harbone, 2 A. & E. 544; Doe v. Griffin, 1 East, 293.

The testimony as to two men having, just before the trial, called and stated that they had seen in jail, in Salt Lake, a step-brother of the plaintiffs, we do not regard as establishing anything material.

In considering evidence of this kind courts adopt the conclusion which appears to rest on the most solid foundation. Johnson v. Todd, 5 Beavan, 509, 600.

That these men knew anything about what they spoke of is not shown; no satisfactory reason for their appearance or disappearance appears. At the most this is but a rumor from an unknown source.

C. E. Robinson had been, at the trial of this cause, dead for nearly a year. He left, it appears at least, one piece of real property, bearing a rental of $3,000 per annum. He left no will. If he has a living son in jail in Salt Lake or elsewhere, of whom his daughter, living with him for more than ten years, never heard him speak, it is in every respect probable that ere this, such son, or some one representing him, would have appeared to claim a share of her estate.

Appellant, by the payment of rent under threat of expulsion, after the death of C. E. Robinson and after the expiration of her lease, attorned to the plaintiffs. See Voight v. Resor, 80 Ill. 331.

She, leasing this property as M. L. Wilson, filed in this case her plea in the name of and verified as "May Robinson." In this plea, under oath, she sets forth that she had filed and pending in the Superior Court her petition for dower and the setting off of a homestead in the premises in controversy; and that the defendants (the heirs of C. E. Robinson) are defendants thereto.

The inference from this is that she is claiming to be the widow of C. E. Robinson; if so, she can hardly have failed to

know that he was dead when she paid the rent from May to November, 1893, more than $1,500; and she can hardly have failed to know that the plaintiffs were his children and heirs and the persons for whom their uncle was collecting the rent. She does not appear to have made the suppositious heir a party, or to have been concerned on his account. At least if she did not know aught of this, it is singular that at the trial of this cause she did not appear and so testify.

Where there is *prima facie* evidence of any right existing in any person, the *onus probandi* is always upon the person calling such right in question. Wharton on Evidence, Sec. 367; Banbury Peerage Case, 1 S. & S. 155.

When a fact is peculiarly within the knowledge of a party, the burden is on him to prove such fact, whether the proposition be affirmative or negative. Great Western R. R. Co. v. Bacon, 30 Ill. 347; Germ. Fire Ins. Co. v. Klewer, 129 Ill. 599; Loomis v. Green, 7 Greenl. 386; Cortigan v. Mohawk R. Co., 2 Denio, 609; Finn v. Wharf Co., 7 Cal. 253.

The judgment of the Circuit Court is affirmed.