# Henry C. Shendorf v. Bernard Gorman.

1. PRACTICE — *Proving Negative Averments — License.*—Where a license is directly in issue, and it is peculiarly easy for the party required to be licensed to establish the fact of the license by producing it, an unreasonable hardship would result from requiring the other party to establish a negative by producing the public records, to show that no such license had in fact been issued.

2. SAME—*Where a License is Collaterally Involved.*—Where the question of license is only collaterally involved, as in suits by attorneys at law or physicians, to recover for professional services, the license will be presumed unless proof to the contrary be presented by the other party.

3. HORSESHOER'S ACT—*Registry Only, Required.*—Under the horseshoers' act (Laws 1897, 233), providing for the licensing of horseshoers in cities of certain population, a registry only, as a horseshoer, is required of persons who have been, previously to such enactment, engaged in such business.

4. LICENSE—*Not Required Under the Horseshoers' Act.*— Under the horseshoer's act no license is required of a person previously engaged in the business of horseshoeing, but merely to register as a horseshoer.

5. REGISTRATION—*Burden of Proof.*—When the means of proving the fact of registration under the horseshoer's act are equally within the control of each party, the burden of proof is upon the party averring the negative.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed December 14, 1899.

**Statement.**—Appellee, who is a horseshoer by trade, agreed with appellant to do appellant's horseshoeing from December 3, 1897, until March 3, 1898, at a price stated. There is due for work done under this agreement $180. Appellee brought suit for this amount before a justice of the peace, and recovered a judgment for $180 "for wages as a laborer," and the sum of $25 as his attorneys' fees was taxed as part of his costs. Upon appeal to the Circuit Court trial was had and a verdict and judgment for $180 resulted. There was no claim for attorneys' fees allowed in the Circuit Court; but the judgment of the Circuit Court

was for the sum of $180 "together with plaintiff's costs and charges in this as well as in the court below expended."

The statute of this State, known as the "Horseshoers' Act," provides for the licensing of horseshoers in cities of certain population, and contains this exception to such provision:

"Section 4.   It shall be the duty of every person who is engaged as a horseshoer in this State, to cause his or her name and residence to be registered with said board of examiners within six months after the date of the passage of this act, and said board of examiners shall keep a book for that purpose, and it shall be the duty of said board to know that the persons so registering are horseshoers, and every person who shall so register with said board as a horseshoer, may continue to practice the same as such without incurring any of the penalties provided for in this act."

Appellee had been engaged as a horseshoer in this State for fourteen years previous to the enactment.   Upon the trial appellee was permitted to testify, over objection of appellant, that he had registered as a horseshoer.

I. T. GREENACRE, attorney for appellant, contended that the license, or registration, if any, is a matter particularly within appellee's knowledge, and the burden of proving that he had a horseshoer's license or had properly registered is upon appellee.

As a general rule, either affirmative or negative allegations must be proved.   This rule even applies where both parties have an equal opportunity of proving or disproving a negative allegation; but where the subject-matter of negative averment is peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party.   Great Western R. R. v. Bacon, 30 Ill. 347; Robinson v. Robinson, 51 Ill. App. 317, and cases cited.

Being licensed or registered is a matter peculiarly within the knowledge of the licensee, etc., which he must prove. Eckert v. Collot, 46 Ill. App. 361.

Where, in a civil case, a criminal offense is charged in the pleadings, or an issue involves such an offense, the rule of

evidence applicable in a criminal prosecution for such offense applies, as in proof of justification in slander charging crime.   Crandall v. Dawson, 1 Gil. 556;  Harbison v. Shook, 41 Ill. 141.

MORSE, IVES & TONE, attorneys for appellee.

Section 14 of the Horseshoers' Act provides (Laws 1897, 233):

" It shall be the duty of the secretary of the board of examiners to notify all practicing horseshoers in the State of Illinois of the provisions of this act within six months after the board shall have been appointed."

The evidence shows that appellee was a practicing horseshoer at the time in question, and there is no evidence that any notice was sent to appellee by the secretary of the board of examiners concerning the provisions of the act.   Where the statute provides that notice of a certain kind is to be given to the public, or persons to be affected by a law, such provisions are mandatory and no jurisdiction acquired until the requisite notice is given. (Sutherland on Statutory Construction, Sec. 457.)   The statute in question provides no place where horseshoers can register, or where persons can apply to be examined, and it was presumably the intention of the legislature that the board in question would open its offices at some convenient place and give notice to all practicing horseshoers to appear and register, and it was intended until such notice had been received by the horseshoers, they should not be liable to any of the penalties of the act.

Penal statutes are to be strictly construed and the burden was upon the defendant to show that notice had been given of the provisions of this law.   The presumption that the secretary did his duty would not prevail here, but the sending of the notice was a material fact to be proved by appellant.   United States v. Ross, 2 Otto, 281.

There was no evidence here that a horseshoers' board had been appointed by the governor, or that they had qualified, or that they had opened offices at any place where persons could appear and register.

The appointment and qualification of the officers of the board, and the proceedings of the board, should have been brought before the trial court as evidence.   Such is the rule in reference to the proceedings of the legislature of our State.   Grob v. Cushman, 45 Ill. 119; Illinois Central Railroad Co. v. Wren, 43 Ill. 77.

Mr. Presiding Justice Sears delivered the opinion of the court.

But two questions are presented upon this appeal which require determination, viz.:   First, whether the burden of proof was upon appellee to show that he had registered as a horseshoer in order to entitle him to a recovery for his labor in shoeing appellant's horses; and, secondly, whether the judgment by the justice of the peace, which recited that appellee recovered for wages as a laborer, is conclusive against a recovery in the Circuit Court, upon appeal for breach of contract to pay the $180.

Upon the first question there is some diversity of authority.   The appellant relied upon the defense that appellee had not registered, and hence could not recover for labor performed in contravention of the statute.   There are cases where a negative averment will be taken as true unless disproved.   These are cases where the proof necessary to disprove the averment lies peculiarly within the knowledge and possession of the other party.   When a license has been issued to a person it is held that it is peculiarly within his knowledge and within his power to prove the same by simply producing the license.   Great Western R. R. v. Bacon, 30 Ill. 347; Williams v. People, 121 Ill. 84; Harbaugh v. City, 74 Ill. 367; People v. Nedrow, 16 Ill. App. 192; Robinson v. Robinson, 51 Ill. App. 317.

But this rule has been for the most part applied to cases wherein the question of a license was directly involved, as in criminal prosecutions for transacting business without a license or actions to recover a penalty upon like ground. The rule has been, it is true, also applied to cases where the question was collaterally involved, as in suits by a broker (required to be licensed) for his commissions.

But there is very great weight of authority to the effect that where the question of license is only collaterally involved, as in suits by attorneys at law or physicians to recover for professional services, the license will be presumed, unless proof to the contrary be presented by the other party.    Williams v. People, 20 Ill. App. 92; Pearce v. Whale, 5 Barn. & C. 38; McPherson v. Cheadell, 24 Wend. (N. Y.) 15; Thompson v. Sayre, 1 Denio (N. Y.), 175; Brown v. Young, 2 B. Mon. (Ky.) 26; Horan v. Weiler, 41 Pa. St. 470.

In Williams v. People, *supra*, this court, speaking by Mr. Justice McAllister, said:

" After a somewhat thorough examination of the authorities and full consideration, we are of the opinion that the rules with their proper distinctions may be thus stated: Where the question of license or qualification of a physician arises collaterally in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute to practice will be presumed. (McPherson v. Cheadell, 24 Wend. 15; Thompson v. Sayre, 1 Denio, 175; Pearce v. Whale, 5 Barn. & Cres. 38; Id. 758.)  But in the case of prosecutions on behalf of the public the rule is otherwise.  And, in such cases, license or due qualification under the statute is not presumed, and it rests with the defendant to prove it."

In McPherson v. Cheadell, *supra*, the New York court said:

" Where the question does not arise directly on indictment or action for violating a statute which requires a license, but comes in collaterally, as here, the books are very strong that you can not question the fact of there being a license until you show by negative proof that there was none."

In Brown v. Young, *supra*, the Kentucky court said:

" As the proof that the note was given for the price of the clock, and that the vendor was a clock peddler, raises no presumption that a license had not been obtained, the question of license or no license can not be considered as having been raised by such proof, and there was no call upon the plaintiff to produce the license or make proof of it."

In Horan v. Weiler, *supra*, the Pennsylvania court said :

"It is enough in this case to say that the defendant's plea of non-assumpsit raised no question of authority in the plaintiffs to maintain their action, and hence they might recover without producing their license, and of course without saying anything about it in there *narr*. The cases cited prove the rule that a breach of law is not to be presumed against any one, and that the presumption is to the contrary until proof overcomes it."

The reason of the rule and the criterion by which to test its application, is that where the license is directly in issue, and it is peculiarly easy for the party required to be licensed to establish the fact of the license by producing it, an unreasonable hardship would result from requiring the other party to establish a negative by producing the public records to show that no such license had in fact been issued. Hyde v. Heath, 75 Ill. 381.

Whatever may be said as to the application of the reason equally to civil suits when the question of a license arises collaterally, it is nevertheless true that the very great weight of authority is to the effect that in such suits the license will be presumed, in absence of proof. In this case, however, there is another consideration, viz., that here no license was required. Appellee having been for years engaged in the business of horseshoeing, he was not required by the terms of the act to obtain any license, but merely was obliged to register as a horseshoer. There is no evidence that any certificate or other document was issued to those thus registering. The terms of the act provide for nothing of the kind. So far as the evidence discloses, the only manner in which either party could establish that appellee had or had not registered, would be by production of the books of the public office, or other competent proof of their contents. This was as much within reach of one party as the other, and of like inconvenience to each. "When the means of proving the fact are equally within the control of each party, then the burden of proof is upon the party averring the negative." G. W. R. R. Co. v. Bacon, *supra*.

We are inclined to the opinion that if appellant wished to

raise question as to whether appellee had complied with the statute by registering, he should have presented proof, and that in the absence of any proof, it is to be presumed that the appellee had thus registered. Therefore the admission of the testimony of appellee to the effect that he had registered was not prejudicial error.

The remaining question is as to the recovery having been for wages before the justice of the peace. There can be no question on this record but that the claim recovered upon in the Circuit Court was precisely the claim upon which the suit before the justice of the peace was founded, viz., the work done by appellee in shoeing the horses of appellant. It is not of any consequence that in the judgment of the justice of the peace a sum was taxed with the costs as attorney's fees. No such allowance was made in the Circuit Court. The judgment there was for only such costs as had been expended by appellee.

There is no defense upon the merits, and there being no prejudicial error disclosed, the judgment will be affirmed.

The judgment is affirmed.