# HOFFSCHLAEGER COMPANY, LIMITED, *vs.* YOUNG NAP *alias* YOUNG LAP.

## May 26, 1904.

*Bankruptcy.—Involuntary Proceedings.—Practice.—Averment not Denied:* The averment in a petition for adjudication of bankruptcy that respondent is not a wage-earner, not being denied in the answer, may be taken as admitted.

*Same.—Burden of Proof as to Farming and Tillage of the Soil:* The petitioner for adjudication of bankruptcy having introduced evidence tending to prove the negative averment of his petition, that respondent is not chiefly engaged in farming or the tillage of the soil, the burden of proof is upon the respondent, he being, in the nature of things, in full possession of evidence to disprove such averment if it is not true.

*Same.—Proof of Debt.—Application of Payments:* The third ground of the motion was that petitioner failed to prove a debt due it from respondent at date of petition. During the existence of business relations between respondent and the firm of Ed. Hoffschlaeger & Co., the latter incorporated as Hoffschlaeger Company, Limited,—the petitioner, and the books of the partnership became the books of the corporation and continued as such, there being no break in the business relations of the re-

spondent as to his account with the partnership and its successor,—the corporation. The respondent had made payments on account, both before and after the incorporation, and by his letters, shortly after the incorporation, treated his debts to the former and the latter as one account, and impliedly approved of the application of his payments on account, to the oldest account. *Held,* that the letters showed debtor's application of payments first to settlement of the partnership account, but if not, then, there being no evidence of his application of these payments, the creditor had the right to apply them to the partnership account, such account having been transferred to the corporation by the partnership at the time of the incorporation. Such application of payments to the partnership accounts first left a debt owing petitioner by respondent at the date of petition.

Same.—*Removal of Property by Alleged Bankrupt.—Question of Fraud.—Burden of Proof:* The removal, by respondent, of his property to a vessel about to leave for a foreign country, while he is owing more than $1,000, is, in the absence of a satisfactory explanation, a fraud on his creditors, and the burden of proof is on him to disprove the implication of fraud.


In Bankruptcy: Motion to Dismiss Proceedings.


Thayer & Hemenway, Attorneys for Petitioner.

C. W. Ashford and E. M. Watson, Attorneys for Respondent.


DOLE, J. After the petitioner rested, the respondent moved to dismiss the proceedings. The first ground of the motion is as follows: The petitioner's failure to prove its averment that respondent is not a wage earner. This averment not being denied by respondent in his answer may be taken as admitted.

The second count was failure to prove the allegation that respondent was not a person chiefly engaged in farming or in the tillage of the soil.

This is one of those negative averments where the burden of proof is upon the party averring the negative, when the means of proving the fact are equally within the control of each party:

"But when the opposite party must, from the nature of the case, be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of

such proof, then it is manifestly just and reasonable that the party thus in possession of the proof should be required to adduce it, or upon his failure to do so, we must presume it does not exist, which of itself establishes a negative.

"There are cases between these extremes, where the party averring a negative is required to give some proof to establish it. Indeed it is not easy to lay down a general rule by which it may be readily determined upon which party the burden of proof lies, when a negative is averred in pleading. Each case must depend upon its peculiar characteristics and courts must apply practical common sense in determining the questions." *Great Western R. R. Co. v. Bacon,* 30 Ill., 347; 83 Am. Dec. 200.

This case is well within the principle of the second of the foregoing rules. The respondent must, in the nature of things, be in full possession of evidence to disprove the negative averment that he is not chiefly engaged in farming or the tillage of the soil, if it is not true, and the petitioner is unlikely to be in possession of such proof. He has indeed given some evidence tending to show that respondent is not chiefly engaged in farming or the tillage of the soil. The burden of proof is now on the respondent.

The third ground of the motion to dismiss is the failure of petitioner to prove a debt owing it by respondent at the date of the petition.

It appears that on the 1st day of June, 1899, the firm of Ed. Hoffschlaeger & Co. incorporated as Hoffschlaeger Company, Limited, and turned over by deed of sale to the new corporation the partnership property and choses in action. Among the accounts transferred was one between the old firm of Ed. Hoffschlaeger & Co. and respondent for securing which, at its inception about May 5th, 1896, the respondent had executed a mortgage in favor of the firm, of the goods then purchased by him from the said firm, and such goods as might thereafter be placed and employed by him in his business for the con-

sideration of two thousand five hundred dollars. There was no break in the business relations of respondent as to his account with the firm and its successor, the corporation, but such account continued substantially as if the partnership had continued, that is, as I understand Mr. Lange's testimony, the books of the partnership became the books of the corporation and have continued as such. The respondent procured goods for his business from the corporation as he had been accustomed to do from the partnership, and incurred a debt therefor of $3,830.16, over and above his original debt to the partnership. During this period from the inception of the corporation to October, 1901, the respondent paid from time to time amounts to the credit of his account aggregating $4,459.43, which was used to settle the account with the partnership entirely discharging the same and leaving a balance of $27.29 which petitioner credited to the account which had accrued since the inception of the corporation as stated above.

On the 30th day of December, 1901, the petitioner foreclosed the mortgage referred to above, realizing therefrom $1,139.67 net, which was credited to respondent's account with the corporation reducing it with the $27.29 above mentioned, to $2,663.20.

Respondent's counsel contends that the payments by respondent above referred to could not properly be credited to the old account as the respondent in his letters of remittance "directed "the application to 'my account,' which must be construed as "meaning to remitter's account with the corporation to whom "he was remitting." Brief for respondent, 4-5.

The respondent, in his letters of remittance, generally used the words "please put to my credit account," which words contain no hint as to which account he wished the payments to be applied. I find, however, in a letter from respondent to petitioner dated August 18th, 1900,—about fourteen and one-half months after the incorporation, the following language: "I "thank you very much for trusting my store for over four years

"now.   I have always intended to do and have done my best
"in this business.   And again I thank you for the credit you
"have give me and for your honesty.   Now some outside people
"have been telling you a lot of false stories and I believe have
"made you suspicious.   But from the beginning until to now
"I have sent you about $15,000 cash.   I know I owe you some
"yet but I intend little by little to pay in all.   I will always
"try and do my best."   Another letter of October 6th, 1899,—
about four months after the incorporation, apparently replying
to a demand for larger payments, uses similar language and
says:   "I do not wish you to think that I am trying to beat you.
"I wish to be fair with you.   I have been dealing with your
"firm for about four years, and if you will glance at your books
"you will find my standing."

The expressions of these letters and the absence of any intima-
tion in any of the letters produced, of any recognition of the
debt which accrued after the incorporation as distinguished in
respondent's mind from the debt to the partnership, are con-
vincing to me that respondent fully recognized the old debt and
that the application of the payments referred to, to the payment
thereof, was fully in accord with his wishes and expectations.
I think it can be said from his letters to petitioner that the
debtor's application of the payments in question was first to
the settlement of the partnership account.   If I am wrong in
this, then there being no evidence of his application of these
payments, the creditor had the right to make the application,
and chose to apply the payments to the partnership account.
In either case the respondent was owing the petitioner at the
date of the petition, so far as at present appears.

As to the fourth ground of the motion, i. e., failure to prove
an act of bankruptcy, the act of bankruptcy relied on is con-
cealing and removing on the part of the respondent, a portion
of his property with intent to hinder, delay and defraud his
creditors.

He admits in his answer that he is indebted to divers persons

within the Territory other than petitioner to an aggregate amount of over one thousand dollars. Under these circumstances and the fact that the court has found in this case that he is indebted to the petitioner, the removal of his property as alleged and shown was a transaction which, in the absence of explanation, was in fraud of his creditors, and the burden of proof is upon him to satisfactorily explain such attempted removal of his property from the jurisdiction of this court. In the case of *Fullings v. Fullings,* 9 Fed. Cas., 991; case No. 5,151a, the court said in relation to the concealment of bonds by the respondent just previous to filing a petition in bankruptcy:

"In the absence of all contradictory proof, I have no hesitation in holding that the deposit of the bonds with Coleman was a device of the bankrupt to get the property out of the reach of his creditors."

In such a case as the one before the court a petitioning creditor cannot go into the question of what the goods are, or their exact ownership, or the question of the legal exemption of any of these goods, for any delay is likely to deprive him of all opportunity of keeping the same within the jurisdiction. The circumstances being suspicious it is for the respondent, who has full information in regard to every point concerning such goods, to make such explanation as to their attempted removal as shall show that he was acting legally and without fraudulent intention toward his creditors.

The motion to dismiss is overruled.